THE SUPERVISORS OF ALBANY *vs.* DORR, jr. and others, survivors of Dorr, sen.

Where, in an action against several, upon a joint contract, the court, in 1841, gave judgment against the plaintiff on a demurrer to the plea of one of the defendants, who was the principal debtor, with leave to the plaintiff to reply; and the other defendants, who were sureties, made default; and the plaintiff, without availing himself of such leave, suffered judgment for the defendants to be perfected, and brought error to the court for the correction of errors, where, in December, 1844, the judgment of this court was affirmed, without prejudice to an application here to open the judgment; and such application was made in March, 1845, the principal debtor having died pending the writ of error; *held*, too late, and the motion denied.

Independently of the fact of the death of th? principal debtor, the judgment, under the circumstances ought not to be opened. *Per* BEARDSLEY, J.

THIS action was commenced in December, 1839, the elder Dorr then being living. It was debt on a bond executed by the defendants, conditioned that the elder Dorr should faithfully discharge the duties of his office as treasurer of Albany county, and account, &c. The other defendants were his sureties. The declaration was served upon all the defendants. Dorr senior

pleaded specially, in April, 1840, and there was a demurrer to his plea and joinder. The other defendants suffered a default. In May, 1841, this court gave judgment for the defendant on the demurrer, with the usual leave to the plaintiffs to reply, but they not availing themselves of the permission, judgment for the defendants was perfected, and the record signed November 13th, 1841. Upon this judgment the plaintiffs brought a writ of error to the court for the correction of errors, pending which, Dorr senior died, and in December, 1844, the judgment of the supreme court was affirmed, the judgment of affirmance being entered as of a day preceding the death of Dorr. The cause was remitted to the supreme court, the *remittitur* declaring that the order of the court of errors was without prejudice to any application which the plaintiff in error might make to the supreme court, to open the judgment.

*McKown*, for the plaintiff, now (March term, 1845) moved to open the judgment, withdraw the demurrer and all proceedings thereon, to strike out the name of the deceased Dorr, and be at liberty to proceed against the other defendants, as his survivors.

*S. Stevens*, for the defendants.

*By the Court*, BEARDSLEY, J. I think it would be entirely without precedent to grant this motion. The case is the same as it would have been if all the defendants had pleaded as did Dorr senior, the principal debtor. His plea enured to the benefit of his co-defendants, and the judgment rendered upon it, while it stands, is an absolute bar to the action to all intents and purposes. The judgment of this court in favor of the defence set up, was rendered in May, 1841, and the plaintiffs then might have amended and taken issue on the facts pleaded. This they chose not to do, but went to the court of errors where the judgment was affirmed in December, 1844. In the mean time the principal debtor has died, and although I am quite clear that if he were now living, the judgments rendered should be deemed

final, still, the application is much less entitled to favor, as it is now made against sureties alone, who are always regarded with great indulgence in every thing depending upon the discretion of a court of justice.

The motion must be denied with costs.

. Motion denied.