MARY JANE PECK, Executrix, etc., Appellant, v. PATRICK CALLAGHAN, Respondent.

Under the act of 1880 (Chap. 36, Laws of 1880), authorizing a comparison to be made, by witnesses on a trial, " of a disputed writing with any writing proved to the satisfaction of the court to be genuine," where the genuineness of a signature is in question, it is competent to give in evidence writings proved to be in the handwriting of the person whose signature the one in question purports to be, for the purpose of enabling experts to make comparisons, and give their opinions as to the genuineness of the signatures.

The act, however, does not authorize the admission in evidence of writings other than those of the person whose signature is in question.

Accordingly *held*, that the exclusion of specimens of the handwriting of a person who, it was claimed, had forged the signature in question, was proper.

In proceedings before a surrogate for the probate of a will which is contested, a judgment-roll in an action between the parties, wherein was involved and determined questions of law and fact arising in the proceedings, is competent evidence.

(Argued January 24, 1884 ; decided February 26, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made at the March term, 1882, which affirmed a decree of the surrogate of the county of New York, admitting to probate the will of Gertrude B. Callaghan, deceased.

The facts, so far as material, appear in the opinion.

*Matthew Hale* for appellant. The court erred in admitting in evidence various papers which were irrelevant to the matters in dispute, as standards with which to compare the signature to the will, and in admitting the evidence of alleged experts comparing the signatures with such " standards." (*Com.* v. *Eastman*, 1 Cush. 189, 217; *Masten* v. *Maguire*, 7 Gray, 177; *Bacon* v. *Williams*, 13 id. 525.)

*Luther R. Marsh* for respondent. The questions as to whether the will was executed under fear, compulsion or undue

influence, or whether the signature of the testatrix was forged, were questions of fact, and having been passed upon by the surrogate, and his decision affirmed, they were not reviewable. (Code, § 1337; *Matter of Rose,* 87 N. Y. 514; *Davis* v. *Clark,* id. 623; *Snyder* v. *Sherman,* 88 id. 656; *Marx* v. *McGlynn,* id. 357.)

RUGER, Ch. J. An examination of the evidence in this case discloses that the only objections made to the probate of the will of Gertrude B. Callaghan, viz.: *First,* that it was not executed by her as, and for her last will and testament, and, *second,* that it was executed under fear, compulsion, or undue influence of her husband, the proponent herein, were founded exclusively either upon circumstantial evidence or the opinion of experts as to the genuineness of the signature to the will in question. There is but little evidence as to the character or value of the property affected by its provisions, except that which shows that the decedent died possessed of no real estate.

Under the statutes of distribution in force at the time of the death of Mrs. Callaghan it would seem that the proponent, in the absence of any will, would be entitled to all of the property possessed by his wife upon her death.

It would follow from this fact that the proponent could have no object, and there could exist no motive to induce him to commit the crime of forgery, or to use any means by way of compulsion, fear or undue influence, to obtain from his wife a devise of her property to himself. Certainly we cannot, in the absence of any proof of motive on the part of the proponent, reverse, upon evidence so inconclusive and uncertain as exists in this case, the findings of the court below, establishing the valid execution by the decedent of the will in question.

The appellant, on the hearing, objected to the introduction of specimens of the handwriting of the decedent, offered for the purpose of enabling experts to give their opinions as to the genuineness of her signature to the will by comparison with such specimens, and excepted to the decision of the surrogate admitting such evidence.

We think the evidence was proper under chapter 36 of the Laws of 1880.

This act was evidently intended to enlarge the rules of evidence and extend the facilities for testing the handwriting of a party, the genuineness of whose signature was disputed, beyond the opportunities afforded by the then existing rules.

It was theretofore competent to give the evidence of experts as to the genuineness of handwriting by comparison with other specimens of the party's handwriting, which had been admitted in evidence for other lawful purposes on the trial; but it had not been competent to introduce such specimens for the sole purpose of comparison. (*Miles* v. *Loomis*, 75 N. Y. 288; 31 Am. Rep. 470.) The evils apprehended from the introduction of such evidence have been stated to be, *first:* The selection of unfair specimens of the handwriting which is in dispute, by the party offering them in proof, and *second :* The embarrassments arising from the multiplication of issues over the genuineness of the various signatures which might be offered in evidence. (*Miles* v. *Loomis, supra.*) The act in question leaves the character, number and sufficiency of identification of the specimens offered in evidence for the purposes of comparison entirely to the discretion of the court, and thus attempts to obviate the objections formerly existing to this species of evidence.

The language of the act, however, which permits the introduction of specimens of a person's handwriting, for the purpose of comparison, when proved to the satisfaction of the court, authorizes only the admission of such writings as purport to be the handwriting of the person, the genuineness of whose signature is disputed. The disputed writing referred to in the statute relates only to the instrument which is the subject of controversy in the action, and the specimens of handwriting admissible thereunder are those of the person purporting to have executed the instrument in controversy. Any other construction would place it within the power of a contestant to introduce in evidence specimens of the handwriting of as many

persons as he should see fit to charge with the act of forging the signature in dispute.

The exception, therefore, by the appellant to the decision of the surrogate, excluding specimens of the handwriting of a person who was claimed to have forged the signature to the will in question was not well taken.

There is no other question raised meriting notice, except, perhaps, that which relates to the admission in evidence by the surrogate of the judgment roll. It appears that this was entered in an action in the Supreme Court between the same parties, and involved many of the questions of fact, and some of the questions of law arising in this controversy.

We think it quite clear that the judgment roll was competent evidence either for or against either of the parties thereto in any subsequent litigation, and was, therefore, properly received in evidence.

The judgment should be affirmed, with costs.

All concur.

· Judgment affirmed.