MAX HOFFMAN AND JOSEPH GORTZ, PLAINTIFFS, *v.* ISAAC STEINAU AND OTHERS, RESPONDENTS.

THEODORE KREUGER, APPELLANT.

*Surety upon an undertaking in replevin — when he will be allowed to prosecute the action brought by his principal, after the latter has abandoned it.*

The plaintiffs, who resided in a foreign country, brought this action to recover the possession of personal property alleged to have been wrongfully detained by the defendants, and such property was in such action taken from the defendants' possession and delivered to the plaintiffs. The plaintiffs became insolvent before the trial and produced no evidence to establish their right to maintain the action, whereupon the complaint was dismissed and a judgment entered in favor of the defendants for a return of the property or the recovery of its value. Subsequently an action was brought against one of the sureties upon the undertaking given by the plaintiffs, to recover the amount of the said judgment, the other surety thereto having left the State:

*Held*, that a motion made by the surety so sued, for leave to appear in this action and prosecute the same on behalf of the plaintiffs, in order to protect himself from liability upon his undertaking, should be granted.

APPEAL by Theodore Kruger from an order denying a motion made in his behalf for leave to prosecute this action of replevin on behalf of the plaintiffs, to protect himself against liability upon an undertaking executed by him for the return of the property.

*Blumensteil & Hirsch*, for Theodore Kreuger, appellant.

*George H. Yeaman*, for defendant Scheuer, respondent.

DANIELS, J.:

The action was brought by the plaintiffs to recover the possession of personal property alleged to have been wrongfully detained from them by the defendants. They resided in a foreign country and appear to have become insolvent before the action was called for trial, and no evidence was produced in their behalf to maintain their right to prosecute it. The complaint was dismissed and upon proof of the value of the property taken from the possession of the defendants, judgment was directed in their favor for its return or the collection of its value with costs.

After this judgment was entered, an action was brought against

Kruger, the appellant, upon his undertaking; the other surety at whose instance he became a party to it having previously left the State. The execution upon the judgment was returned on the 6th of February, 1884, and on the eighth of the following month the action against the appellant was commenced by the service of a summons, and on the 26th of April 1884, an order was made requiring the attorneys for the defendants to show cause why this surety in the undertaking should not be allowed to proceed' with the prosecution of the action for his own protection against the obligations incurred by him by executing the undertaking. The motion for this leave was decided on the 9th of May 1884. There was therefore no such neglect on the part of the surety in making and bringing the application before the court as would justify its denial on that ground. The point therefore arises whether under these circumstances he should be permitted to intervene for his own benefit and protection, and bring the action to trial upon such evidence as may be obtained for that purpose, with the ultimate object of protecting himself against liability.

A point of this description was considered in *Jewett* v. *Crane* (35 Barb., 208), where it was held that liberty might be given to sureties to intervene for their own protection and defend an action brought against their principal. The opinion of the court in this case is an authority in support of the motion made by the appellant, and so is the case of *Lyon* v. *Tallmadge* (14 Johns., 501), where it was held that sureties for the sheriff had a right to contest by writ of error the legality of the judgment recovered against their principal, and which they would be obligated to pay in case it should be sustained. (Id., 514.) Sureties, it has been held, are always regarded with great indulgence in everything depending upon the discretion of a court of justice. (*Supervisors, etc.*, v. *Dorr*, 1 Denio, 268–270.) And within this principle they may be permitted where that can be justly or equitably done to protect themselves against liability, where their principal shall fail to do so by proceeding in, or resisting, the litigation for which they became bound in his name. That is all that was sought to be accomplished by the application made in behalf of the appellant.

Whether evidence can be obtained which will establish the right of the plaintiffs in the action to the recovery of the property, the

possession of which was obtained by them at its commencement, is not a matter to be determined upon this application. All that is necessary now to consider is whether the case, as it has been presented in behalf of the surety, will justify an order permitting him to proceed in the name of the plaintiffs to a trial of the case upon its merits, and that point seems to be maintained in his favor by the authorities to which reference has been made.

The order from which the appeal has been taken should be reversed, and an order entered so far vacating the judgment already recovered in the action as to permit this surety to proceed in the name of the plaintiffs to a trial of the issues in the ordinary manner, upon the payment of the costs of the trial and the costs of opposing the motion. The judgment, except so far as it shall be vacated, and the action against the appellant upon his undertaking, to be allowed to stand as they now do until the final trial and determination of this action, and subject to such further order or direction as shall then be made. The appellant should also recover the usual costs and disbursements of this appeal.

DAVIS; P. J., and BRADY J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted on conditions expressed in opinion.