THE THIRD AVENUE RAILROAD COMPANY, Respondent, *v.* JACOB EBLING et al., Appellants.

An appeal from a judgment entered on a verdict must be determined solely upon exceptions taken on the trial.

An exception can be taken only to a ruling by the trial court upon a question of law.

Where there is no exception to a ruling of the court as to the sufficiency of the evidence to establish a fact in issue and the defeated party desires to move for a new trial, he must do so in the first instance before the trial court or at Special Term. (Code of Civ. Pro., §§ 999, 1002.)

Not having done this, no question affecting the merits or the sufficiency of the evidence to support the verdict may be raised at General Term.

An exception to the admission of evidence may only be taken when it is received against the parties' objection.

It is not essential to the validity of an order of the General Term allowing an appeal to this court, in the cases wherein an appeal is not permitted except when so ordered, that the General Term making the order shall be composed of the same judges who constituted the General Term which decided the case. The only restriction upon the power of the General Term to make the order is that it shall be "made at the General Term which rendered the determination or at the next General Term after judgment is entered thereupon." (Code of Civ. Pro., § 191, subd. 2 and 3.)

(Argued June 22, 1885 ; decided October 6, 1885.)

APPEAL from order of the General Term of the Court of Common Pleas in and for the city and county of New York, made March 15, 1883, which reversed a judgment of the General Term of the Marine Court of said city affirming a judgment in favor of defendants entered upon a verdict.

This action was brought upon a lease, to recover a quarter's rent alleged to be due thereon. The answer alleged among other things a surrender of the lease and of the demised premises and an acceptance of such surrender by plaintiff.

The facts so far as material to the questions discussed are stated in the opinion.

*Nathaniel C. Moak* for appellants.

*H. Morrison* for respondent.

RUGER, Ch. J. We think the Court of Common Pleas erred in reversing the judgment, rendered by the Marine Court in favor of the defendants. It assumed to do so upon the strength of an alleged exception, to the admission of evidence, offered by the defendants upon the trial, but in fact there is no such exception. It was attempted to be taken in this manner. One of the defendants, called as a witness in his own behalf, was asked to relate certain conversations occurring between himself and the plaintiff's president, secretary and treasurer, in reference to an alleged surrender of the lease sued upon. These questions were objected to by the plaintiff, and were excluded by the court. The plaintiff's counsel then stated: " I will withdraw my objections, and consent that the case proceed, believing that the jury will find from the evidence for the plaintiff, at the same time I will except, in order to secure the rights of my clients, to any evidence as to powers of individual members of the company to modify a lease made by the board of directors." The court: "I will allow the jury to find a verdict subject to the opinion of the court." Some evidence was then given as to interviews, between those officers and defendants, but when the defendants sought again to prove

the conversations referred to, the plaintiff objected, and the evidence was again excluded by the court. The plaintiff's counsel then said : " I consent that the question at issue, independent of the fact whether that conversation occurred or not, shall go to the jury, except Mr. Lyons' assertion." Although this remark is somewhat unintelligible in itself, yet interpreted in the light of the preceding statement, and the subsequent course of the trial, it can be held to mean nothing but a waiver of the objections to the proposed evidence. The evidence thereafter taken was received in accordance with the understanding expressed in the remarks of the plaintiff's counsel, and without any ruling by the court upon the question of its admissibility. Such evidence tended to show an agreement between the parties by which the plaintiff accepted a surrender of the lease in question from the defendants prior to the commencement of the quarter, for which rent is claimed in this action. In submitting the case to the jury the court charged, among other things, "that in order to constitute such surrender," " not only must there be an understanding on the part of Ebling and Kinney that they were to be released and other parties accepted in their place, but there must be such a contract entered into between these parties that the minds of both parties" " met, and that both the parties understood the agreement. If both parties came to this understanding as narrated by the defendants, you will be warranted in finding for the defendants, while if you believe otherwise, you will find for the plaintiffs." The plaintiff's counsel neither excepted to this charge nor to any refusal of the court to charge otherwise.

The jury found for the defendants : The right of the defendants to a judgment on the verdict was not in any way questioned by the plaintiff, and it seems to have been entered as of course. No motion was made for a new trial before the trial court or at Special Term, and the only attempt at review is upon an appeal from the judgment entered on the verdict. Such an appeal must be determined upon the exceptions taken on the trial. The remark made by the court on receiving the

evidence, that it would take the verdict subject to the opinion of the court, was not acted upon and no proceeding was thereafter taken to determine such a question as would have been presented by a verdict so taken.     (§ 1000, Code Civ. Pro.) Under these circumstances if the plaintiff desired to move for a new trial upon the facts, it should have done so in the first instance before the judge presiding at the trial upon his minutes (Code Civ. Pro., § 999) or at Special Term.     (Code Civ. Pro., § 1002.)   Not having done this, no question affecting the merits, or the sufficiency of the evidence, to support the verdict, could be raised at General Term.     The jurisdiction of that court extended only, to a review of the exceptions taken on the trial. (*Boos* v. *World Mut. Life Ins. Co.*, 64 N. Y. 236.)     An exception can be taken only, to a ruling by the court upon a question of law arising on the trial of an issue of fact.     Here there was no such ruling and consequently no exception.   (Code Civ. Pro., § 992.)   The evidence offered was invariably ruled out by the court when objected to, and was finally received only after the plaintiff had waived its objection thereto.

If the plaintiff desired to raise any question as to the sufficiency of the evidence to prove a surrender of the lease, it should have done so by some appropriate request upon the trial of the case, and by an exception to the ruling of the court in case the request was denied ; but it failed to obtain any such ruling upon the disputed question in the case.

Even if we could assume that the proceedings related, amounted to a constructive ruling by the court, we are of the opinion that no exception taken under such circumstances would be effectual.     An exception to the admission of evidence can be taken only when it is received against the parties' objection.   When the objection thereto is waived, the conduct of the court in receiving the evidence, is relieved from any imputation of error.

The respondent moved to dismiss the appeal here, upon the ground that the judges who authorized it were not the same persons, who constituted the General Term deciding the case. The alleged ground constitutes no reason for dismissing the

appeal.    There is no restriction imposed upon the power of the court below, to make an order for an appeal to this court, except that it shall be made at the General Term, which either rendered the determination appealed from or the one sitting next after judgment is entered thereupon. (Code Civ. Pro., § 191, subd. 2, 3.) If the court granting the order is properly constituted so as to form a lawful General Term, it is immaterial, so far as the exercise of the power to authorize an appeal is concerned, what individuals compose it. It is still the court authorized to make the order.

The order of the Common Pleas should be reversed, and the judgment of the Marine Court affirmed.

All concur.

Order reversed and judgment affirmed.