Brady, J.
This action was brought to recover upon a draft drawn on the defendants and accepted by them, and also for an amount due upon an account stated. The draft, which was at seven days’ sight, was presented to the defendants and accepted by them, payable at a future day; but the person who presented it as the representative of the bank through which it was' to be presented declined to . accept the acceptance in the manner made, and said it . must be returned to England. The draft, however, was not returned to England, but was again presented, according to the written acceptance which was made upon it, and' *477 was dishonored; the defendants having made no preparation for its payment, on the supposition, as they alleged, that it was not to be presented at the time indicated and was to be returned to England as a dishonored draft.
The evidence disclosed that the plaintiffs were the purchasing agents of the defendants in Liverpool, and that the draft spoken of was drawn against purchases made for the defendants of merchandise, which was delivered to and received by them. There was no denial of their indebtedness for the amount of the draft; but the technical defense was sought to be successfully employed that the draft not having been presented in accordance with the acceptance in all respects, the plaintiffs could not recover upon it. This view was not adopted by the learned judge in the court below, for the reason that it was given for goods purchased for and delivered to the defendants, and the plaintiffs could therefore recover under the proofs, using the draft as evidence of the transaction to which it related. The learned judge in his vcharge to the jury, to which no exception was taken, said substantially that it was purely a question of fact whether the bill of exchange or draft should be the groundwork of the present action or not, holding that it was properly the groundwork, and that the defendants were hable whether in the form of an action for the goods themselves or upon the bill of exchange.
This view was the correct one, because not only the draft but the consideration of the draft was established by the facts; and the technical objection that the action was upon the draft and not for the goods sold in terms, might, under the provisions of the Code, be disregarded. The court very properly, therefore, directed that the plaintiffs should recover upon the first cause of action.
The second cause of action was upon accounts stated as already indicated, and the evidence conclusively established that accounts were presented which were accepted by the defendants and recognized by them—not only recognized, but in a letter which they wrote, they expressed their regret that the drafts upon them for the amount of the accounts had to go back, stating as a reason that then’ trade was at an utter standstill.
This disposes of the only questions properly presented for our consideration. Although the defendants insist that the court erred in refusing to submit to the jury the question whether the invoice and defendants’ letter constituted an account stated; but that request was not submitted in that form. The counsel for the defendants did ask that the question of a stated account should go the jury as a question of fact, which the court denied, and very properly, for the reason stated, namely, that there was no question about *478 it, and could not be on the evidence which so overwhelmingly established it that it became a question of law—at all events, the evidence was so conclusive that if the jury had found against it, it would have become the duty of the court to set the verdict aside. The defendants acknowledgment in writing, to which reference has been made, was conclusive upon the subject.
This appeal is from the judgment only, and upon perfectly well settled principles the defendants are entitled to no consideration except that which is predicated of exceptions taken to rulings upon questions of law. See opinion in the case between the same parties decided herewith. See, also, Third Avenue R. R. Co. v. Ebling et al., 100 N. Y., 98.
For these reasons the judgment appealed from should be affirmed.
Daniels, J., concurs.