McRickard v. Flint.

SAMUEL McRICKARD, Respondent, *against* GEORGE C. FLINT *et al.*, Appellants.

(Decided June 7th, 1886).

In an action to recover damages for a personal injury suffered by plaintiff by falling down an elevator shaft on the premises of defendants, the jury were instructed that a failure to comply with the provisions of the law of 1874 requiring openings for elevators to be protected by railings and trap doors, was *prima facie* evidence of negligence. *Held*, that this was not erroneous, it appearing that the portions of the charge immediately preceding and following fairly submitted the question to the jury and protected defendants' interests.

Defendants introduced in evidence diagrams and photographs of the premises where the accident occurred. *Held*, that testimony on the part of

plaintiff, as to changes made in the premises after the accident and be-
fore the diagrams and photographs were taken, was proper.

A question to a witness whether, if a certain door were open a half circle
or more, or a little less, it was possible for one approaching the doorway
from a certain place, not to see clearly and plainly that there was an ele-
vator shaft, is objectionable, as calling for an opinion.

APPEAL from a judgment. of this court entered upon
the verdict of a jury and from an order denying a motion
for a new trial.

The facts are stated in the opinion.

*Artemas H. Holmes*, for appellants.

*Christopher Fine*, for respondent.

BOOKSTAVER, J.—A motion was made for a new trial on
the minutes, and denied.   No exception appears in the case
and no order was ever entered denying the new trial; so,
although the notice of appeal purports to be both from the
judgment and order, it brings up for review the judgment
only (*Third Ave. R. R. Co.* v. *Ebling*, 100 N. Y. 98; *Mat-
thews* v. *Meyberg*, 63 N. Y. 656).   But even if it did, in the
view we take in this case, we could not reverse the judgment
on the facts.

The action was brought to recover damages for a personal
injury suffered by the plaintiff by falling down an elevator
shaft on the premises of the defendants in West Fourteenth
Street, in this city.

The action has been twice tried.   On the first trial, the
complaint was dismissed at the close of plaintiff's case.
From this, an appeal was taken to the General Term of
this court.   It was then decided that, as matter of law, the
defendants were guilty of negligence in not having complied
with the statutory requirements as to the construction, pro-
tection and maintenance of their elevator, but the dismissal
was sustained because this court thought the plaintiff was
also guilty of negligence.

McRickard v. Flint.

. From this judgment the plaintiff appealed to the Court of Appeals, which reversed the judgment on the ground that the question of plaintiff's negligence should have been submitted to the jury (97 N. Y. 641).

A review of the evidence shows that the facts in plaintiff's favor are certainly as strong on this trial as on the former, and under the decision of the Court of Appeals, the learned judge below could not do otherwise than submit the case to the jury.

The defendants excepted to so much of the charge as states that a failure to comply with the provisions of the law of 1874 is *prima facie* evidence of negligence.

The portion of the charge excepted to we do not think erroneous. The General Term of this court had, in effect, decided this on the former appeal to it; and what immediately precedes and follows the portion to which our attention has been called, fairly submitted the question to the jury and protected defendants' interests.

Although the defendants' appeal does not properly bring up for review the exceptions to the admission and exclusion of evidence, we will briefly state our opinion thereon.

The defendants introduced diagrams and photographs of the premises in evidence. Plaintiff and one of his witnesses testified to changes made in the premises after the accident, and before the diagrams, &c., were taken, without objection, and afterwards defendants moved to strike out the evidence, which was denied. We think there was no error in this. The evidence was proper to show the inaccuracies of the diagrams, &c., and the true state of the building at the time of the accident.

One of the defendants was asked the following:

" Q. If the westerly door were open a half circle or more, or a little less, is it possible for one coming from the back room approaching that doorway, not to see clearly and plainly that there is an elevator shaft?"

This was objected to and properly excluded, as it called for an opinion, and was one of the conclusions of fact for the jury to find from the facts of the case.

Section 16 of chapter 625, Laws of 1871, as amended by section 5 of chapter 547, Laws of 1874, were properly admitted in evidence. This court at General Term held they were applicable in this case.

The judgment should be affirmed, with costs.

ALLEN, J., concurred.

Judgment affirmed, with costs.