MARY McKAY AND OTHERS, RESPONDENTS, *v.* ALLEN LASHER AND EDWARD G. C. LASHER, APPELLANTS.

*Evidence — only experts can express an opinion as to genuineness of a signature —1880, chap. 36 — witness — impeachment of, by proof of contradictory statements.*

Upon the trial of this action the plaintiff, who sought to prove that the signature to a certain deed was not the signature of one James Clark, produced a note which was proved to have been signed and indorsed by Clark. A witness,

who was not shown to be an expert, was directed to look at the signature and indorsement of the note, and was then asked and allowed, against the defendants' objection and exception, to answer "no" to the following question: "Assuming those to be the genuine signatures of James Clark, is that the signature of James Clark on the deed I show you?"

*Held,* that the evidence should have been excluded.

The alleged deed of James Clark had been proved, on June 13, 1885, by the subscribing witness, one Lawrence, before a notary public, and was given in evidence with such proof by the defendants. The plaintiff was allowed, against the defendants' objection and exception, to prove statements made by Lawrence that he did not have anything to do with this transaction of Clark's; that he did not know Clark at the time, and that he was willing to assist the plaintiff if she would pay his expenses.

*Held,* that even if it could be assumed that Lawrence was to be regarded as a witness produced by the defendants, he could not be impeached, by proof of these statements, until he had first been asked whether he had ever made them.

*It seems,* that this assumption could not be made.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the Ulster Circuit.

*M. Schoonmaker*, for the appellants.

*F. L. Westbrook*, for the respondent.

LEARNED, P. J.:

One of the questions involved was whether the signature to a certain deed was that of James Clark. As charged by the court, the plaintiffs were entitled to recover, if the jury should find that the signature was not that of Clark.

A note which was proved to have been signed and indorsed by Clark was produced. And a witness, who was not shown to be an expert, was directed to look at the signature and indorsement of the note. She was then asked by plaintiff's counsel: "Assuming those to be the genuine signatures of James Clark, is that the signature of James Clark on the deed I show you?" She answered "No."

A similar question was put by plaintiff's counsel to another witness, not an expert, and a similar answer given.

These questions were duly objected to by the defendant.

Chapter 36 of the Laws of 1880 was intended to modify the former rule. Previously to that act it had been competent for experts to compare the disputed writing with genuine specimens,

which had been lawfully given in evidence on the trial for other purposes. But it had not been competent to introduce genuine specimens merely for the purpose of comparison. The statute permits the introduction of genuine specimens merely for comparison, although they are not otherwise evidence in the case.

But the statute has not changed the law as to the persons whose opinions may be given. Opinions are to be given by experts, as well on the question of handwriting as on any other questions. Persons, other than experts, are to testify to facts, not opinions. If one, who was not an expert, were permitted to give his opinion as to genuineness of handwriting, based merely on the comparison, at the trial, of the disputed writing with one proved to be genuine, he would be usurping the duty of the jury. They, by that same statute, may compare these writings. The evidence given should have been excluded. (See *Peck* v. *Callaghan*, 95 N.Y., 73.)

This alleged deed of James Clark had been proved June 13, 1885, by the subscribing witness, Joseph C. Lawrence, before a notary public; and was given in evidence with such proof by the defendants.

The plaintiff gave in evidence, against defendants' objection, statements made by Lawrence to a witness, that he did not have anything to do with this transaction of Clark; that he did not know Clark at the time. And again, by another witness, statements that he did not know James Clark and had no transaction with him; that he was willing to assist Mrs. McKay, and would come up, if she would pay his expenses.

The object of this testimony was to throw discredit upon the proof of the deed made by Lawrence before a notary public. Now, the most favorable view for the plaintiff, in endeavoring to sustain the admissibility of this evidence, is to claim that Lawrence was practically a witness for the defendants, and hence that his testimony, viz., the proof before the notary, might be attacked in the usual manner, by showing that he had, at other times, made contradictory statements.

Assuming that this view of the position of Lawrence is correct, then we have the difficulty that, to impeach a witness in this manner, he must first be asked whether he had made the alleged contradictory statements. This is a most necessary and important

rule. A deviation from it is unjust, both to the witness and to the party calling him. Of course, no such question was put to Lawrence, for he was not on the stand.

Whether the assumption that Lawrence was practically a witness for defendants, and hence liable to impeachment by the plaintiff, is correct, we are not ready to say. It is not so decided in *Jackson ex dem. Gibbs* v. *Osborn* (2 Wend., 555), cited by plaintiff's counsel.

The statute allowing a deed to be acknowledged or proved out of court, and to be recorded, and allowing the record to be evidence may, of course, be abused, as plaintiff's counsel suggests. But, perhaps, it would be a very serious evil to treat every witness who had thus proved a deed out of court, as if he was a witness produced on the trial by the party offering the deed in evidence, and as subject to all the modes of impeachment to which such a witness in court is liable. Deeds long since recorded might, if such a course were permitted, be overthrown by testimony which the other party would be in no readiness to meet.

Some other questions were presented on the argument which we need not consider.

The judgment should be reversed, new trial granted, costs to abide event.

BOOKES and LANDON, JJ., concurred.

Judgment reversed, new trial granted, costs to abide event.