SACKETT *v.* BREEN *et al.*

(*Supreme Court, General Term, Fourth Department.* November, 1888.)

1. ATTORNEY AND CLIENT—CONTRACT—ACTION—VERDICT—WEIGHT OF EVIDENCE.
    Plaintiff employed defendants, who are attorneys, to institute two suits,—one being for divorce, and one for the recovery of personalty. They differed as to their statement of the contract,—the former saying that it was an entirety, and that defendants agreed to prosecute both suits for $100; while defendants denied any agreement as to a fixed sum. There was evidence slightly corroborative of each. Defendants obtained a settlement of the property dispute, receiving $500 in money, of which they paid her $100, and voluntarily discontinued both suits. From other sources they received $82 of her effects. *Held,* in an action to recover the money received by defendants, that as, on plaintiff's theory of the contract, defendants, having dismissed the actions, could recover no fees, and that the jury might have found the $82 to be a reasonable compensation if there was no express contract, a verdict for plaintiff for $400 should not be set aside, the evidence being conflicting.

**2. SAME—DISCONTINUANCE—UNMAINTAINABLE ACTION.**

It is immaterial in such action whether plaintiff had deserted her husband, in the absence of proof that the suit for divorce was discontinued because it was found not maintainable.

**3. SAME—RETENTION OF MONEY BY ATTORNEY—FORM OF ACTION.**

An action at law is the proper remedy for a client to recover his money wrongfully withheld by his attorney.

Appeal from circuit court, Jefferson county.

Action by Ida B. Sackett against Thomas H. Breen and Nathaniel F. Breen to recover money collected by defendants for plaintiff. Plaintiff is a married woman, whose husband, George S. Sackett, separated from her in 1884, he then being in the possession of the farm of 130 acres in the town of Turin, Lewis county. Upon the farm was a quantity of personal property which the plaintiff claimed belonged to her. Her husband sold the farm to his brother, Martin J. Sackett, in 1884, and left the state, and he also claimed to sell to his brother, Martin J., the personal property alleged to belong to the plaintiff. The defendants were attorneys and counselors of this court, residing and doing business in the city of Watertown, and the plaintiff retained them "to take such steps as were necessary to recover the personal property claimed by her, and also to prosecute an action for divorce against her husband." Upon the trial plaintiff claimed and gave evidence tending to prove that the defendants agreed to prosecute these actions for the recovery of the personal property and for a divorce for $100. The defendants claimed that such an agreement was not made, "but that the arrangement was that the expenses would have to be paid out of the property recovered, as the plaintiff had no means to carry on the suits." The defendants issued a summons and complaint in the divorce case, and an affidavit on which to procure an order for publication, and at the same time took two written retainers from her, authorizing defendants to take such steps in the divorce action and in the property action "in the premises as seemed proper." On the 13th of October one of the defendants went to Lewis county to make a demand for the personal property claimed by her. On the 13th of November, 1885, Martin J. Sackett visited the city of Watertown, and spent a day in efforts to settle the litigation with the defendants. A settlement was finally agreed on, "Martin J. Sackett paying the defendant Thomas H. Breen $500." The suits were discontinued, and the plaintiff executed a "quitclaim deed conveying her interest in the farm sold by her husband to Martin J. Sackett." On the same day defendants paid the plaintiff $100, and they have paid no further sum to her; and they made no written notice of the settlement or statement of the settlement of the money received, or of any claim for services against the plaintiff prior to the commencement of this action. The plaintiff made a demand prior to the commencement of this action for the $500 so received by the defendants, and the jury have given her a verdict for $400, which the trial court refused to set aside as being contrary to evidence, or erroneous by reason of any exceptions taken during the trial. The case contains all the evidence taken at the trial.

Argued before HARDIN, P. J., and MARTIN and FOLLETT, JJ.

*John Lansing,* for appellants. *John C. McCartin,* for respondent.

HARDIN, P. J., (*after stating the facts.*) 1. Inasmuch as the case contains all the evidence taken at the trial, and there is an appeal from the order denying the motion for a new trial on the minutes, this court may review the evidence, and, if of the opinion that the verdict is against the weight of evidence, or was produced by passion or prejudice, set it aside. Code Civil Proc. § 999; *Macy* v. *Wheeler,* 30 N. Y. 231; *Oil Co.* v. *Insurance Co.,* 79 N. Y. 506; *Railroad Co.* v. *Ebling,* 100 N. Y. 98, 2 N. E. Rep. 878. We have carefully read the evidence found in the appeal-book, and do not feel at liberty to declare that

the verdict is against the weight of evidence. The principal testimony given in behalf of the plaintiff was by her as a witness; and the principal testimony given by the defendants was by them as witnesses. Some circumstances are found in the appeal-book making in favor of plaintiff's version; and some circumstances and testimony are found in the appeal-book favorable to the defendant's theory. It was in the province of the jury to determine which of the parties to the action they should believe, both being interested in the result of the action. *Elwood* v. *Telegraph Co.*, 45 N. Y. 549; *Kavanagh* v. *Wilson*, 70 N. Y. 177; *Gildersleeve* v. *Landon*, 73 N. Y. 609; *Koehler* v. *Alder*, 78 N. Y. 287; *Longyear* v. *Insurance Co.*, 20 Wkly. Dig. 165; opinion of BARKER, J., in cases cited; *Carbon-Works* v. *Schad*, 38 Hun, 71; *Kinney* v. *Pudney*, 46 How. Pr. 258; *Boone* v. *Kalb*, 20 Wkly. Dig. 26. If, upon reading the appeal-book, we were of the opinion that, had we been sitting as jurors, we should have believed the testimony of the defendants, and disbelieved the testimony of the plaintiff, still we would not be at liberty to disturb the verdict, as it was eminently within the province of the jury, after having seen the witnesses,—understood, noticed the manner of giving their testimony,—to determine where the truth was to be found. If the contract was made as testified to by the plaintiff, but was never completed by the defendants, and its completion was not waived by the plaintiff, the circumstance that the defendants voluntarily put it out of their power to complete the contract is not sufficient to entitle them to recover for services performed under the contract which they have broken. According to the testimony of the plaintiff, the contract was an entire one to recover the personal property, and to prosecute an action for divorce to its termination. Under such circumstances it was incumbent upon the defendants to show an entire performance before they are entitled to recover any compensation under the contract. *Andrews* v. *Tyng*, 94 N. Y. 16.

2. The trial court charged the jury that if they were of the opinion that no contract was made, the defendants might recover what their services were reasonably worth. It may be that the jury were of the opinion, if they considered that aspect of the case, that the defendants, when they received the wagon, worth $65, $5 in cash paid by the plaintiff to them, and the sewing done for the senior member of the defendants' firm, amounting to $12, had received all their services and disbursements were worth in the premises, as there is "no rule of law that makes such services of the value of the taxable costs." *Starin* v. *Mayor*, 106 N. Y. 82, 12 N. E. Rep. 643. And as the jury were authorized to deal with the opinions that were given upon the trial in respect to such services, without being conclusively bound by the amounts stated in the opinions pronounced by Messrs. Dorwin and Mullin, they may have awarded to the defendants all that in their judgment they should receive, even if there was not an express contract as the plaintiff claimed. Defendants, by discontinuing the action for divorce, voluntarily put it out of their power to complete the contract according to its terms as stated by the plaintiff.

3. We are of the opinion that the trial judge committed no error in rejecting the evidence found at folios 166 to 171. Whether she deserted her husband, or her husband deserted her, was not important upon the issues which were being considered. In either event, she could maintain an action for divorce for principal cause, and there was no offer of any proof which would have shown that the defendants were not able to maintain the divorce action, and therefore that the same was discontinued.

4. We are of the opinion that an action was the proper remedy for the plaintiff upon the facts stated in her complaint. It has long been settled that an action may be brought against an attorney for not paying over money belonging to a client. *Stage* v. *Stevens*, 1 Denio, 268. And where there is a dispute between the client and attorney as to the condition of the accounts between them, an action at law is the more appropriate remedy. *In re Mertian*, 29

Hun, 459; *In re Mott*, 36 Hun, 569. These views lead us to the conclusion that the verdict of the jury ought to stand. Judgment and order affirmed, with costs. All concur.

