Hatch, J.
No motion for a new trial having been made, this appeal only presents questions of law upon exceptions taken on the trial. Third Avenue R. R. Co. v. Ebling, *56 100 N. Y., 98; Boos v. World Mutual Life Ins. Co., 64 id., 236.
The action is brought upon an instrument for the payment of money. The sole issue was that of execution of the instrument by the plaintiff; upon that question conflicting evidence was given. The questions presented for our determination relate alone to the ruling of the trial court, upon the admissibility of evidence. The first of these questions arise in the testimony of one Barr, the first witness in the case, who was called primarily to testify as to the genuineness of plaintiff’s signature; having answered in respect to that subject, he was asked, “ Do you recollect an occasion of his (plaintiff’s) coming into the office when you noticed a roll of bills he had ? ”
Defendant’s counsel asked;- “ how is that material?” To-which plaintiff’s counsel replied, “it is claimed he had no-money at that time. ,1 offer to show by Mr. Barr in 1870 or 1871, Mr. Hadcock came into his office, and he had a. roll of bills. And Mr. Barr counted it.” Defendant’s counsel then objected on the ground that the evidence was, immaterial. The court said, ‘ ‘ I will take it de bene esse, and if it is objected to I can rule it out”. Defendant thereupon excepted. The witness was then directed to “ tell the-jury about that, where it was, how it occurred, and what, you did.” Defendant again objected “ to any conversation between him and Mr. Hadcock, as not being competent.”' The court overruled the objection and defendant excepted. The witness then testified that about June or July, 1871, the plaintiff came to the office of A. A. Bissell & Co., that, he took a roll of money from his pocket and asked witness to count it, which he did, and that the sum was nearly $800. It is thus seen that at the time when the evidence-was offered it was not relevant to any fact appearing in the case, and no error would have been committed if the court had excluded it. The statement of plaintiff’s counsel indicated to the court that he anticipated proof of circumstances by defendant tending to establish that at this time, when plaintiff claimed to have advanced the money mentioned in the instrument sued upon, he, in fact, had no-money, and it is clear from the remark of the court- that, the evidence must appear material or it would, at a subsequent stage, rule it out upon motion or objection. The ruling therefor related to the order or proof, to which there was no objection, rather than to the materiality of the testimony; it was thus, at this time, a discretionary question, and no error was committed in receiving it. McCarney v. The People, 83 N. Y., 408-414.
The objection raised alone the questions of materiality, for the second objection of incompetency was directed at any declaration which plaintiff made, the witness testified to none at all relating to the case, so error is not found for that reason. The testimony did become material,, as, de *57 fendant testified and produced letters of plaintiff tending to establish that at or about the time stated by the witness, plaintiff was quite largely in his debt, that he was then asking defendant for more money, and was unable to meet obligations then due, which defendant held, and that he had no money with which to purchase needed property for the prosecution of his business.
If, however, it be assumed that the evidence was wholly immaterial, and no connection with the transaction at issue established, yet the attention of the court was not subsequently called to it, and as no motion was made to strike it out, no question is, therefore, raised. Bayliss v. Cockcroft, 81 N. Y., 363.
Plaintiff also called as witnesses two expert microscopists, who were examined in detail as to the appearance of the note and to its various letters and lines. Defendant objected to the testimony upon the ground that the witnesses were asked to describe the appearance of the letters and lines of the note, and the paper upon which it was written, and not whether the signature was genuine or simulated; that the evidence was not competent as bearing upon the questions of its genuineness. Objection was overruled and an exception taken. Defendant had previously called two expert witnesses, who testified that they had examined the note under the microscope and discovered certain superadditions and re-touchings to portions of words and letters in the note and signature, and from such examination, and other reasons, testified that the signature of the defendant was a forgery.
The testimony objected to bore directly upon the questions as to whether the note and signature had been changed or tampered with after it was written, and tended to establish that it had not. To this extent it was a contradiction of the testimony of defendant’s witnesses, and as such contradicted statements furnished, at least in part, the basis for the opinion that the signature was a forgery, it tended to weaken and nullify their conclusion, and was, therefore, competent as bearing upon the genuineness of the signature.
One of these witnesses for plaintiff was asked, with reference to a loop of the letter E in the note, “if there is anything in the appearance of this paper upon which you could safely base an opinion that there was a loop there when the letter was originally written ?”
Defendant objected that it was not a proper matter upon which to express an opinion; that witness must be limited to a statement of facts.
The court overruled the objection, defendant excepted, and the witness answered : “I can’t say there was.”
Previous to this the witness had been examined in detail as to the appearances of this particular letter, how far the ink mark and where the appeared to have been *58 dug out; that he saw no evidence of a superadded line at that point; this was all before the jury, and was one of the reasons assigned by defendant’s experts for their conclusion that the note was a forgery. In such view it was competent for this witness to state whether there was anything there which could furnish the basis for such opinion. The suggestions heretofore made also answer this-point. Exception .was also taken to the testimony of Brooks, called by plaintiff as an expert. He testified that' he was an expert accountant; had been a bookkeeper and teller in a bank; that he had made handwriting and signatures a scientific duty, and had been called as an expert witness many times. Had never seen defendant write. He was permitted to testify from a comparison of genuine signatures of defendant, admitted in evidence for that purpose, and the note, that, in his opinion, from such comparison the signature to the note was the genuine signature of the defendant. We find no error here. The law-now authorizes such a comparison to be made. Chap. 36, Laws 1880; Peck v. Callaghan, 95 N. Y., 73.
Distinction is sought to be made between expert witnesses, that those who have never seen the defendant write are limited in their statements to the characteristics of the several writings, their resemblance or dissimilarity, and should not be permitted to state whether the disputed signature was genuine or not. We find no such distinction recognized. Every question arising which involves a point in science or art, which includes handwriting, persons specially skilled therein become competent to express an opinion, and such opinion is deemed a relevant fact. Such persons are denominated expert witnesses, and it is for the court to determine whether, the skill of the person offered is sufficient to be deemed an expert, and such determination is the subject of review. Reynolds’ Stephen on Evidence, 77, 78.
In the present case no question is raised but that the witness qualified as an expert.
In Sudlow v. Warshing (108 N. Y., 520; 13 N. Y. State Rep., 812), the question asked of the expert was: “What evidence, if any, do you find in the signature to the disputed deed, of their being simulated imitations instead of genuine signatures?” and witness answered, “None" whatever,” and the court held it competent.
A similar question to the one here was passed upon in Miles v. Loomis (75 N. Y., 288), and the court reached the conclusion that such opinion, from an expert, was competent, although the law did not, at that time, permit the introduction of writings for the purpose of comparison. Many cases might be referred to where this question has arisen, but the rulings, in the cases cited, cover all the points made here, and show that no error was committed upon the trial.
*59 The judgment must, therefore, be affirmed, with costs.
Beckwith, Ch. J., and Titus, J., concur.