(11 Misc. Rep. 387.)

McKEAN v. ADAMS.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

DECLARATIONS—OF ASSIGNOR—ADMISSIBILITY AS AGAINST ASSIGNEE.
    Where an assignment is merely colorable, or without consideration, the declarations of the assignor are admissible against the assignee.

Appeal from city court, general term.

Action by Bernard S. McKean, as assignee of Bullard & Shannon, against Charles H. Adams, to recover the sum of $250, alleged to be due for legal services rendered to defendant by plaintiff's assignors. From a judgment of the city court (30 N. Y. Supp. 1133) affirming a judgment entered on a verdict in favor of plaintiff for $50, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

E. G. Bullard, for appellant.
H. M. Ward, for respondent.

BOOKSTAVER, J. The notice of appeal to the general term of the court below purports to be also an appeal from an order denying a new trial. But no such order is mentioned in the judgment, or included in the judgment roll, or printed in the record. This being the case, the present appeal brings up for review the exceptions and the judgment only. McRichard v. Flint, 1 N. Y. St. Rep. 608; Railroad Co. v. Ebling, 100 N. Y. 98, 2 N. E. 878; Matthews v. Mayberg, 63 N. Y. 656. The action was brought by the plaintiff as assignee of a certain claim of $250 for legal services claimed to have been rendered by the law firm of Bullard & Shannon to the defendant. The defendant claimed that these services were rendered under an agreement between him and the assignors of the claim that they should receive $250 for such services if successful in defending the action in which they had been retained, but if unsuccessful they should receive, at most, a merely nominal sum, and also that the plaintiff was not the real party in interest, but that Bullard & Shannon were, or,

if there had been an assignment of the claim to the plaintiff, that it was as security merely for a loan made to Bullard individually and for his private benefit, and that Mr. Shannon still retained his interest in the claim.    To establish this, and also the agreement as claimed by the defendant, various declarations of the assignor Shannon, made both before and after the assignment, were received in evidence under plaintiff's objection and exception.    Various motions were also made after such evidence was received to strike it out, and the reception of such evidence, and the refusal of the court to strike it out, were the only errors alleged on this appeal.    The doctrine that where an assignment is merely colorable, or without consideration, leaving the assignors, or any of them, the real owners of the thing assigned, with a present interest therein, the declarations of the interested assignors are admissible against the assignee, is well settled.    Paige v. Cagwin, 7 Hill, 381, established the general doctrine that admissions or declarations of an assignor after the assignment are not admissible against the assignee where the assignment is for full value, and made in good faith, but the court said:

"It is no answer to the views above presented that the rules will permit a transfer to mere nominal parties to avoid the effect of admissions made previously.  When such is the fact, there is no change of ownership.  The party by whom the transfer is made is still the party in interest, and his declarations are clearly admissible."

See, also, Von Sachs v. Kretz, 72 N. Y. 553.

"Where the vendor, after the sale, still continues in possession, exercising acts of ownership over the property, thus raising the presumption that the sale was fraudulent," the declarations of the vendor are admissible against the vendee.    Flannery v. Van Tassell, 127 N. Y. 633, 27 N. E. 393; Loos v. Wilkinson, 110 N. Y. 210, 18 N. E. 99. When the question as to the admissibility of these declarations arose, it was for the trial court to determine whether the evidence then given was sufficient to raise a presumption, or to authorize the jury to find, that the partner Shannon was at the time of the making of the declarations so interested in the claim as to render his declarations admissible.    And, even if the evidence then was not sufficient, appellant cannot now claim no sufficient foundation for their admission has been laid.    He pointed out no such objection at the time. After these declarations had been received in evidence, further testimony was given by the respondent, without objection, tending to show that at the time of such declarations the partner Shannon was still interested in the claim, and the actual owner of a part of it, and after this was received in evidence no motion was made by the plaintiff to strike out any part of the testimony.    So that, if there was not sufficient evidence at the time the declarations were admitted, other evidence was afterwards adduced which, in our judgment, cured it; and after the introduction of such evidence the plaintiff failed to move to strike it out, as he should have done.    Vinegar Co. v. Schlegel, 143 N. Y. 544, 38 N. E. 729; Stouter v. Railroad Co., 127 N. Y. 661, 27 N. E. 805.    If the plaintiff, after the evidence was all in, deemed it insufficient to establish present interest in Shannon

at the time the declarations were made, and that such evidence was prejudicial to his case, he could have requested the court to charge that, if the jury did not find that Shannon had an interest in the claim, they should disregard his declarations entirely.   It often happens that evidence is admitted tentatively, and, if a party fears that a jury may be influenced by such evidence, he should ask that they be instructed to disregard it.   Gall v. Gall, 114 N. Y. 109, 122, 21 N. E. 106; Holmes v. Moffatt, 120 N. Y. 159, 24 N. E. 275.   We therefore think the judgment should be affirmed, with costs.   All concur.