RUMSEY, J.
—This was an action to recover damages alleged to have been sustained by the plaintiff because of false representations made to him by the defendants as to the value of certain stock which he was induced to purchase, and which proved to be worthless. The action has been tried once before, and a verdict rendered for the plaintiff. The judgment entered upon that verdict was reversed by the general term, for the reason that there was no evidence to sustain it. Hatch v. Spooner, 37 St. Rep. 151. The appeal in that case was taken from an order denying a. new trial, as well as from the'judgment, and therefore the court was at ‘ liberty to review the facts. As the case is now presented, no order was ever made upon the motion for a new trial. We are therefore not in a position to review the facts, and the appeal must be sustained, if at all, upon the exceptions taken at the trial. Code Civ. Proc. § 1346; Railroad Co. v. Ebling, 100 N. Y. 98. These exceptions, however, clearly raise the question whether there was any evidence upon which it was proper to submit the case to the jury, because, at the close of the plaintiff’s evidence, he moved to dismiss the complaint upon the ground, among others, that there was no evidence as to the truth or falsity of the statements, or that the defendants knew that they were false. This motion was denied, and the. defendants excepted. By this motion the question was raised whether the plaintiff had given evidence from which the jury were at liberty to find the necessary facts to establish a cause of action. These facts were, among others, that the representations made were false, and were known to be false by the defendants at the time - they were made. The representation was,' substantially, that the company was making ten per cont. profit. That is the only fact stated upon which a *636 verdict for the plaintiff could have been based. To establish the falsity of this representation the plaintiff proved, in the first place, that no dividend was ever paid by the company. This, standing by itself, was of comparatively slight importance. There is-no presumption, either of fact or of law, that a corporation is not making a profit, merely because it does not desire a dividend. Ordinarily it may be that the corporation which is making money will declare dividends, but many reasons might be suggested why that should not be done, and therefore no presumption can arise, because it is not doné, that there was no profit out of which a dividend might be declared.
The .plaintiff, however, sought to supplement this proof by showing that the company was in fact insolvent at the time that these representations were made. To prove that, he offered in evidence a statement purporting to have been a statement of the business of the company for the year ending May 1, 1884. It appeared that, during that year, the defendants had been directors of the company, Edward Spooner being president, and Ebenezer Spooner being actively engaged in the management of its affairs. The plaintiff identified the statement, when it was offered, as the first statement which ever had been presented to him. There was no proof, however, from which it could have been found that the statement was taken from the books of the company, that it was a. true resume of the affairs of the company, or that either of the defendants had ever.seen-it or knew anything about it When the. statement was offered, its reception was objected to, and the defendants excepted to the ruling receiving it in evidence. Had it been received without objection, it was entirely immaterial as. against the defendants. So far as they were concerned, it proved nothing.
Upon the other trial, the treasurer of the company testified that, the statement was a correct statement of the affairs of the company, •as shown by the books, but upon this trial no such evidence was-given. For this reason, the statement, when admitted, had no-probative force, as against these defendants. There was, then, no testimony whatever competent as against the defendants, from which the jury could have found, either that the representations were false, or that the defendants were aware of their falsity at the time they made them; and without such proof the judgment cannot be sustained. The defendants excepted to the reception of this statement in evidence, because it was incompetent and immaterial. It is plain, from what has been said above, that this exception was well taken, and, standing by itself, it would be sufficient, to- require the reversal of this judgment.
For the reasons above given, without considering any other of the grounds of error relied upon by the defendants, the judgment must be reversed, and a new trial granted,'with costs to the appellants to abide the évent of the action.
All concur.