HADCOCK v. OSMER.

(Supreme Court, Appellate Division, Fourth Department. April, 1896.)

1. DECEIT—WHEN CAUSE OF ACTION SURVIVES.
A cause of action for deceit, in inducing one to loan money to another by falsely representing that the borrower was good for the amount of the loan, survives to the personal representative of the lender.

2. SAME—EVIDENCE.
In an action for deceit, in inducing plaintiff's testator to loan money to another by falsely representing that he was good for the amount of the loan, a judgment against the borrower, on his note given for the loan, and an execution and return nulla bona, were admissible to show his insolvency.

3. SAME.
Such evidence was also admissible to show the efforts made by the lender to collect the debt.

4. SAME—INSTRUCTIONS.
In an action for deceit, in inducing plaintiff's testator to loan money to a third person by signing and sending to him a paper containing the words, "Mr. Hadcock: The Browns are good for what money you let them have," it appeared that there were three brothers bearing the name Hadcock, and residing together, and that defendant did not clearly specify to the borrower to which of the brothers he should apply. Held, that it was proper to charge that, if it was intended that the paper should be presented to any one of the three who would make the loan, the representation was made to whoever actually loaned the money.

Appeal from circuit court, Jefferson county.

Action by Charles E. Hadcock, as executor, against Luman Osmer, for deceit. From a judgment entered on a verdict for plain-

tiff, and from an order denying a motion for a new trial, made on the minutes, defendant appeals. Affirmed.

On the 15th of September, 1888, Delos and Joseph Brown desired to borrow some money of the Hadcocks (Benjamin and Emmanuel, or either of them), and after a negotiation for the money they communicated their negotiation to the defendant; and the complaint alleges that the defendant, to induce Hadcock to make the loan sought for by the Browns, "falsely and fraudulently made and delivered to said Hadcock, in writing, an instrument of which the following is a copy: 'Mr. Hadcock: The Browns are good for what money you let them have. L. Osmer.'" That instrument was taken to Mr. Hadcock, and it is alleged that he, "relying on said representations, loaned to the said Delos Brown and Joseph Brown, the persons named in said instrument signed by the said defendant, the sum of $400, and took their promissory note therefor, bearing date on the day last aforesaid, payable in one year from date, with interest." It was alleged in the complaint, and proven on the trial, that Hadcock recovered a judgment on the note, and issued an execution thereon against the Browns, which was returned by the sheriff of Jefferson county wholly unsatisfied. It is also alleged that the Browns were insolvent "at the time the said Hadcock made the said loan as aforesaid, and at the time the said representations were made by the said defendant." The answer consists of denials, and an admission of the death of Emmanuel Hadcock, and an admission of the execution of the instrument set out in the complaint.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and GREEN, JJ.

W. M. Rogers, for appellant.
Henry Purcell, for respondent.

HARDIN, P. J.    After the defendant executed the instrument wherein he stated that "the Browns are good for what money you let them have," it was taken by the Browns to Emmanuel Hadcock, one of three brothers, and the loan obtained from him mentioned in the complaint. The evidence given at the trial sustains the essential allegations of fact found by the jury. The jury were instructed that, if the instrument contained a mere expression of opinion, the plaintiff could not recover, and they were instructed in respect to the law relating to fraudulent misrepresentations, and we see no occasion to disturb their verdict on the ground that the same is not sustained by the evidence. The charge, when considered in all its features, together with the requests of the defendant assented to, stated the law substantially as it is laid down in Kountze v. Kennedy, 147 N. Y. 124, 41 N. E. 414, and Marsh v. Falker, 40 N. Y. 567.

2. There is no force in the objection that the cause of action did not survive to the estate of the testator. At the close of the opinion in Brackett v. Griswold, 103 N. Y. 428, 9 N. E. 438, Finch, J., said: "So far as the cause of action was for a conspiracy to cheat or defraud the intestate, it was for an injury to a property right, and did not die with its owner." A similar doctrine was laid down by the general term, in the Fifth department, in Moore v. McKinstry, 37 Hun, 194.

3. It was not error to receive the judgment recovered against the Browns, and the execution issued thereon, and the return of the sheriff nulla bona. They were competent evidence to show the

efforts made by the creditor to collect the debt of the Browns, and also to establish their insolvency.     Hatch v. Spooner, 1 App. Div. 408, 37 N. Y. Supp. 295.

4. We think there is no force in the contention of the defendant that the instrument executed by him, and addressed to Mr. Hadcock, was presented to and acted upon by Emmanuel Hadcock, instead of Benjamin.     When the conversation was held with the defendant, there was a reference made to the Hadcocks, without a clear specification as to which one would be able to loan the money.     The defendant had suggested that perhaps the money might be borrowed of Benjamin Hadcock.     It is inferable from the evidence that the Hadcocks, belonging to the same family, resided together, and the conversation was to the effect that one of the Hadcocks would be able to loan the money; and the judge, in the course of his charge, said:

"If it was understood by the defendant that there was a proposition to borrow of one or more Hadcocks, and he set out a general paper, addressed to Mr. Hadcock, why, then, you can say whether it was not fairly intended to be delivered to such person of the family as would loan the money; and, if that is true, it is not essential that it should appear to you that it had been determined at the time the paper was drawn that the loan should be from one or the other. If you find that, fairly, the meaning, intention, and design of the parties was that whoever loaned the money should have this paper presented to him, then it may be fairly said that the representation was made to whoever did loan the money, of those persons."

The charge, in that regard, was as favorable as the defendant was entitled to.

Upon a careful inspection of the other exceptions found in the appeal book, the conclusion is reached that they present no error calling for an interference with the verdict of the jury.

Near the close of the requests to charge, the judge yielded to one which instructed the jury that there can be no recovery—

"Unless it be proven or be found that there was an actual purpose or intent on the part of the defendant, on the 15th day of September, 1888, to defraud Emmanuel Hadcock of his property."

To that request the judge replied, "Yes; I charge that;" and then he added:

"Of course, that is in connection with what I have already charged,—that it was not necessary it should have been determined, when he made the paper, before they got the money, as to which of the Hadcocks it was to go, but there must have been an intention to cheat and defraud the person to whom this paper should be delivered,—the one or the other."

We think the exceptions to the charge as given, and to the refusal of certain requests, do not present any error.     The judge seemed to have delivered in the body of his charge, and in his qualifications made subsequent to the delivery of the principal part of his charge, the law as favorable as the defendant was entitled to have the same delivered to the jury.     The foregoing views lead to the conclusion that the verdict should be sustained.

Judgment and order affirmed, with costs.     All concur.