## OTSEGO COUNTY COURT.

STEPHEN KINNEY, Appellant, agt. ANDREW PUDNEY, Respondent.

Where the *terms of a parol contract* between the plaintiff and defendant are in dispute, and the evidence presents a question of fact for the justice. to determine what those terms were, and he finds in accordance with the evidence and claim of the defendant, unless there has been some error committed in the admission or rejection of evidence, the judgment upon that finding cannot be disturbed.

THIS action was brought by the plaintiff to recover the balance due him from the defendant on account, and also damages for the breach by the defendant of an alleged contract entered into by him with the plaintiff, in the fall of 1870, to build a line fence, in consideration of the right or privilege of cutting what wood he desired to cut from the timber standing on a specified portion of the plaintiff's premises, during the following winter.

The plaintiff recovered judgment in the justice's court for seventeen dollars, besides costs, which included only the value of the wood cut, as damages; that value and the items of account proved amounting to the seventeen dollars.

From such judgment the plaintiff appeals.

JENKS & MATTESON, *for appellant*, on the point that the statute of frauds did not apply to the case, because that part of the contract which was required to be in writing was fully executed, cited *Thomas* agt. *Dickinson* (2 *Kern.*, 364); *Johnson* agt. *Hathorn* (2 *Keyes*, 483; 23 *Barb.*, 481); *Bennett* agt. *Abrams* (41 *Barb.*, 621); *Cagger* agt. *Lansing* (57

*Barb.*, 421); *Same* agt. *Same* (4 *Hand*, 550); *Shepherd* agt. *Little*, (14 *John.*, 210); *Allen* agt. *Squire* (3 *Seld.*, 543); *Page* agt. *Monks* (5 *Gray* 492); 30 *How.*, 101.

On the point that this contract was good as a license, cited *Erskine* agt. *Plummer* (7 *Maine*, 447); *Pierpont* agt. *Barnard* (6 *N. Y. R.*, 279); *Bennett* agt. *Scott* (18 *Barb.*, 347.)

D. L. ATKYNS, *for respondent*, 1st. That the contract was void, being within the statute of frauds, cited *White* agt. *Stevenson* (4 *Denio*, 193); *Sattersall* agt. *Hass* (1 *Hilt.*, 58); *Bellows* agt. *Sackett* (15 *Barb.*, 96); 3 *R. S.*, 220, 5 *ed.*, §§ 6 and 8; 29 *Charles I.*, ch. 3, §§ 1–4; *Green* agt. *Armstrong* (1 *Denio*, 550); *Warren* agt. *Leland* (2 *Barb.*, 613); *Von Beck* agt. *Roe* (50 *Barb.*, 302); *Goodyear* agt. *Vosburgh* (39 *How. Pr. R.* 377); *Bingham Executory Sales, R. P.* (176, 200, *ed.* 1872); 3 *R. S. N. Y.*, 221, § 8.

2nd. Good as a license, but not as a contract, *Buck* agt. *Pickwell* (27 *Ver.*, 157); *King* agt. *Brown* (2 *Hill*, 485); *Lisk* agt. *Sherman* (25 *B.*, 433); *Erben* agt. *Lorillard* (19 *N. Y.*, 299); *Bradwell* agt. *Getman* (2 *Denio*, 87); *Wilson* agt. *Martin* (1 *Denio*, 602, 606); *Lockwood* agt. *Barnes* (3 *Hill*, 128); 44 *Barb.*, 162; 45 *N. Y.*, 162; *Nones* agt. *Homer* (2 *Hilt,*. 116); *Little* agt. *Wilson* (4 *E. D. Smith*, 422); 19 *N. Y.*, 299; 39 *How.*, 377.

3d. As to the true measure of damages, 2 *Hill*, 485; 7 *Cow.*, 92; 6 *Met.*, 417; *Silvernail* agt. *Cole* (12 *Barb.*, 685); *Dyer* agt. *Graves* (37 *Vt.*, 369); *Baldwin* agt. *Palmer* (10 *N. Y.*, 232); *Hobbs* agt. *Weatherwax* (38 *How.*, 385); *Ehle* agt. *Judson* (24 *Wend.*, 97); *Fuller* agt. *Reed* (38 *Cal.*, 99); *Thomas* agt. *Dickinson* (12 *N. Y.*, 364); 14 *B.*, 90.

4th. The unperformed part of the contract by defendant to build a fence was within the statute of frauds, *Cook* agt. *Stearns* (11 *Mass.*, 533); 1 *Chit. Gen. Pr.*, 359; *Bennett* agt. *Scutt* (18 *B.*, 347); *Goodrich* agt. *Jones* (2 *Hill*, 143); *Selden* agt. *Delaware, &c.* (29 *N. Y.*, 634); *Houghtailing* agt. *Houghtailing* (5 *Barb.*, 384).

5th. Void contract amounting to a license, either party could stop short at any time and be protected as to what was done, *Houston* agt. *Laffie* (46 *N. Hamp.*, 505); *Nye* agt. *Taggart* (40 *Vt.*, 295); *Duineen* agt. *Rich* (22 *Wis. R.*, 550); 1 *Wash. C. C. R.*, 411–419, 2 *ed.; Bingham on Executory Sales*, *R. P.* 166, *ed.* 1872; *Swain* agt. *Seamans* (9 *Wall.*, 254).

6th. Although the justice had, at plaintiff's request, adopted a wrong rule of damages, yet having afterwards received proofs establishing a proper measure of damages, it was his duty to apply the rule of law proper upon all the proofs, which he did 4 *Denio*, 131–175; 2 *Hill*, 125; 3 *Barb.*, 388–496; 44 *Barb.*, 641; 43 *N. Y.*, 298; 44 *N. Y.* 396; 45 *N. Y.*, 27.

7th. A contract " to build some fence for some wood," is void for uncertainty, *Peck* agt. *Halsey* (2 *P. Wms.*, 387); *Sutton* agt. *Sutton* (9 *Sim.*, 582); *Firgo* agt. *Cutler* (3 *Stark.*, 139); *Foot* agt. *Webb* (59 *B.*, 38, 236); *Chit. on Con.*, 65 (*cited* 30 *N. Y. Dig.*, 150); *Klimpeter* agt. *Harrigan* (21 *L. Ann*, 196); 18 *Barb.*, 347; *Swain* agt. *Seamans* (9 *Wall.*, 254).

W. B. EDWARDS, County Judge.—The contract between the parties was by parol. The plaintiff's claim is that the defendant, in consideration of the right to cut what wood he desired during the winter of 1870 and 1871, upon a certain part of the plaintiff's premises, agreed to build the entire line fence between plaintiff's farm and that occupied by defendant, one-half of which the plaintiff was liable to build. That the defendant, under such agreement, had cut and removed all the wood he desired from the plaintiff's premises, at the place specified, and that the agreement on the part of the plaintiff had, in all respects, been fulfilled. That the defendant has failed to build the line fence, and was therefore liable to the plaintiff in damages, and that such damages included the value of such a fence as was to be built.

The claim of the defendant, on the other hand, is that, in consideration of the wood he might take, he was to build *some fence*, the quantity and kind being indefinite. He also claims that the contract was void by statute, and he is liable only to the extent of the value, in the tree, of the wood which he cut.

The evidence of the plaintiff in reference to the contract is as follows: " Defendant * * * formerly joined farms with me. * * * While he owned this farm we made an agreement to make a fence. A year ago last fall I came up to his house. * * * He said he wanted to make a bargain with me. Said he wanted to get wood on my land that winter where he had been cutting wood the winter before. He said if I would let him get wood where he did the winter before, he would make the line fence clear through the whole of it; the line fence between John Pudney and me. The defendant occupied the farm; he is son of John. He said he had made part of the fence and would make the whole of it. * * I told him I would do it — he might call it a bargain — to get the wood at the place spoken of. * * * He continued getting wood there during the winter. He got all he chose to. He had already built fifteen or twenty rods of this line fence when this agreement was made. He was to build it last spring or fore part of summer. * * * Cross-examination: * * No price agreed upon as to value of the fence; there was nothing said as to quality or kind of fence. He said he had made a piece of board fence and wanted to finish it through. He said he would make the fence all the way through."

The testimony of the defendant as to the contract was as follows: " I told him (plaintiff) I wanted some fence built there, and I said if he would let me go on and cut some wood I would build some fence. He said well, and would come up and show me where to chop. He came and showed me where to chop and I went on and cut. Nothing was said as to the kind of fence I was to build. Nothing was said as

Kinney agt. Pudney.

to how much fence, or as to any distance between any points, or as to how much wood I should get. I did not tell the plaintiff that I would build a good board fence all the way on the line. * * * Cross-examination : * * * I told him we wanted the fence there ; that was the first said. I told him if he would let me cut what wood I wanted, I would build some fence. He said I might, and he would show me where to chop. This is all that was said." ·

From this evidence it is apparent that the terms of the contract were in dispute before the justice. If the contract was as testified to by the defendant, the plaintiff could only recover upon this cause of action the value of the wood cut, which was proved to be some ten dollars. The evidence presents a question of fact for the justice to determine what the terms of the contract were. He has found in accordance with the evidence and claim of the defendant, and unless there has been some error committed in the admission or rejection of evidence, the judgment upon that finding cannot be disturbed.

The justice allowed the defendant to show, under plaintiff's objection, the quantity of wood cut under the agreement, that it was cut from growing timber, and its value per cord in the tree. If the contract had been as the plaintiff claims it was, the same having been fulfilled by him in all respects, and the defendant having received all he stipulated for, or at least all he desired under it, I think he would have been bound to perform what he undertook by the contract to do, and, in default so to do, would have been liable for the damages sustained by the plaintiff by reason of his default, which would include the value of the fence agreed to be built, and in that view of the case the evidence of the quantity and value of the wood cut would have been inadmissible, but the justice has found the contract to be as testified by the defendant. He was authorized so to find, and I think the defendant liable under the contract thus established only for the value of the

wood cut, and in that view of the case the evidence objected to was admissible.

These are the only rulings made by the justice against the plaintiff which he claims were erroneous, and it follows for the reasons given that the judgment of the justice must be affirmed, with costs.