ALLEN GILDERSLEEVE, Respondent, *v.* HORACE LANDON, Appellant.

Where the credibility of a witness is impeached, his testimony cannot be taken as conclusive although uncontradicted, and the question of fact as to which his testimony was given must be submitted to the jury.

So, where the witness is interested in the question, although he is not directly impeached, and his testimony is uncontradicted, his credibilty is a question for the jury, and the court is not warranted in directing a verdict upon his testimony alone.

Where an admission in a pleading is alone relied upon by the opposite party to establish a fact, any statement made in connection with the

admission, of another fact which would nullify the effect of the admission, must be also held as established; the whole of the statement must be taken and construed together.

This rule, however, does not prevent the party claiming the benefit of the admission from disproving the fact so alleged in connection with it; so far as the statement is not disproved it is effectual, so far as it is shown to be untrue it is of no avail.

A chattel mortgage valid in other respects is not invalid, as against one purchasing of the mortgagor with knowledge of its existence, although not filed or renewed.

(Argued April 4, 1878; decided April 16, 1878.)

THIS was an action to recover certain personal property which plaintiff claimed to have purchased in good faith from his son. Defendant claimed under a chattel mortgage executed to him by the son but not filed. The course of the trial required plaintiff to prove title.

The only two persons who testified to the sale of the property to plaintiff were the plaintiff himself and his son; evidence was given on the part of defendant tending to impeach the latter. The court directed a verdict for plaintiff, *held*, error; the court stating the rule as above, citing *Elwood* v. *W. U. Tel. Co.* (45 N. Y., 549); *Kavanaugh* v. *Wilson* (70 N. Y., 177).

Defendant admitted in his answer that plaintiff purchased, but alleged that he did so with knowledge of defendant's prior mortgage. *Held*, that the statements must be taken and construed together; and, if relied on to establish the purchase, it must also be held as establishing that it was made by plaintiff with knowledge of the mortagage; but that plaintiff, if he relied on the admission, could, and it was incumbent upon him, to disprove the allegation of knowledge; and, therefore, *held*, that as plaintiff gave no evidence of want of actual knowledge, save what was also subject to one or the other of the rules above stated, the direction of a verdict for plaintiff was error; also *held*, that, although the mortgage was not filed or received, yet if defendant had actual knowledge of its existence, it was valid against him. (*Lewis* v. *Palmer*, 28 N. Y., 271; *F. L. and T. Co.* v. *Hendrickson*, 25 Barb., 484.)

*R. E. Andrews* for appellant.

*John Cadman* for respondent.

FOLGER, J., reads for reversal and new trial.
All concur, except MILLER, J., absent.
Judgment reversed.