PEOPLE *ex rel.* STEED *v.* FRENCH *et al.*

(*Supreme Court, General Term, First Department.* June 19, 1888.)

APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.

On the trial of a police officer for being so intoxicated as to render him unfit for duty, he testified that he was taken with cramp in the stomach, and sent to a drug-store for medicine, and that it overcame him, and made him stupid. He stated that he sent a young man for the medicine, but was unable to state who or where he was; saying he had never seen him before. *Held* that, the witness being interested in the result, the action of the commissioners in dismissing him would be sustained, though there was no evidence contradicting his explanation.

On *certiorari* to board of police commissioners.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Louis J. Grant,* for relator. *Wm. L. Turner,* for respondent.

BRADY, J. The relator was charged with conduct unbecoming an officer; the specification being that he was so much under the influence of liquor as to make him unfit for duty, in the office of the Second precinct station-house, at 3:30 P. M., February 27, 1887. Upon the trial the defendant was sworn, and asked, in reference to the charges and specifications: "What have you to say to that? Is it correct or not?" And the answer was: "I was taken with cramps in my stomach when on post, and I sent a man to a drug-store to get relief. What he got there overcame me, got the best of me, and made me stupid." When the examination of Capt. Berghold was finished, the defendant again said: "I did not drink anything but this one drink. I have no question to ask the captain." Upon the conclusion of the examination of Sergt. Coffey, the defendant again said: "I have no questions to ask him. I sent for medicine when I was on post. It was brought to me. There was no place on post open that I could get it." He was then asked: "Who did you send for that?" His answer was: "I sent a young man I met on Broadway. He went towards Greenwich street. He brought me something. I drank it." He was then asked: "Where is that young man?" The answer was: "I don't know. I never saw him before; he was a stranger to me." Upon the conclusion of the testimony of Roundsman Saul, the defendant said: "I have no question to ask the witness." He was then directed to make his statement, and he made it as follows: "*Answer.* I had cramps in my stomach. I met a young man, and I asked him to go to the drug-store, and get me something to relieve my cramps. He went, and he brought me something in a tumbler. It was white. It tasted like ginger. I drank it. It stupified me. That is all I drank. There was no drug-store on my post, or I would have went myself for it. There was not any place open."

The facts in this case differ from any of those reviewed by us in proceedings of this character. It is a case in which there is really no conflict of evidence. The relator does not deny that he was in a condition amounting to drunkenness, and gives a satisfactory explanation of the cause, which is not disputed by any fact, circumstance, or incident contained in the record. He was taken sick, sent a person for a remedy, which was brought to him, and he drank it. It may be assumed it was alcohol, or partly so, and induced intoxication; but, unless the relator committed willful and deliberate perjury, his statement shows that what he took he took for illness, and not for the gratification of his desire or wish for stimulant. There are no facts or circumstances devel-

oped which conflict with this statement, or make it inconsistent or improbable. It cannot be said, upon the evidence, that it is not true; and the question presented is whether, when a deliberate statement is made, against the truth of which there are no facts or circumstances arrayed, the evidence which it constitutes can be absolutely disregarded. The rule upon that subject is stated in *Elwood* v. *Telegraph Co.*, 45 N. Y. 553, which is that where unimpeached witnesses testify distinctly and positively to a fact, and are uncontradicted, their testimony should be credited, and have the effect of overcoming a mere presumption. Then, again, in *Kavanagh* v. *Wilson*, 70 N. Y. 179, it is said that when a disinterested witness, who is in no way discredited, testifies to a fact, within his own knowledge, which is not of itself improbable, or in conflict with other evidence, the witness is to be believed, and the fact is to be taken as legally established, so that it cannot be disregarded by court or jury. But it was held in *Gildersleeve* v. *Landon*, 73 N. Y. 609, that where the witness was interested in the question, although he was directly unimpeached, and his testimony was uncontradicted, his credibility was a question for the jury, and the court was not warranted in directing a verdict upon his testimony alone. None of these cases have had the characteristic of this, inasmuch as there was, in each one of them, a *quasi* conflict, if not an actual one. Here, as already suggested, however, the statement of the relator is in the nature of a confession and avoidance, confessing his condition, but making, in reference to it, such explanation as excuses, if it does not justify. Accepting it as true, it cannot be said to have been a voluntary intoxication, or one arising from indulgence in spirituous liquors, and to gratify a desire to enjoy them. It must be said of this statement that it is not inconsistent with the charge made; and, considering the thousand natural shocks which flesh is heir to, it is not improbable that he was taken ill, and less improbable that he would fail to resort to some remedy to relieve his suffering. Although drunkenness is a besetting sin, and may sometimes mark the career of a police officer, and notwithstanding the duty of the police commissioners, when such a delinquent is discovered, to dismiss him from the force, and notwithstanding that their decision in such cases should be sustained, the dismissal should always rest upon satisfactory evidence,—satisfactory not only as to the charge itself, but in the conviction that there was no adequate explanation of the condition established by the person charged. This seems to be a case in which the observation of Justice DANIELS in *Brady* v. *French*, 11 N. Y. St. Rep. 577, is peculiarly applicable, namely, that, to determine whether the relator was guilty of conduct unbecoming an officer, the fact is to be considered that he did not, assuming his statement to be true, voluntarily place himself in a condition in which the use of the stimulant he received had become necessary or proper. It was his misfortune, rather than his fault. He was in a condition when it was entirely proper that something should be done for him in the way of a remedial agent. But, nevertheless, as the witness was interested in the result, the commissioners, under the settled rules of evidence, had the right to scrutinize and reject the statement of the relator. For these reasons it is thought that the proceedings should be sustained, and the writ dismissed.

VAN BRUNT, P. J., and DANIELS, J., concur.