### RICHARDS v. DERRICK et al.

*(Supreme Court, General Term, Fourth Department. July, 1888.)*

1. WITNESS—EXAMINATION.

In an action for work and labor, plaintiff testified he was to receive $2.75 per day. Defendant testified that he was to receive $2.50. On cross-examination, defendant was asked, "Have you paid any other men who worked on the job any more than $2.50 per day?" To which he answered, "The last three weeks St. Clair was paid $2.75 per day." *Held* proper cross-examination, as testing the sincerity of the witness in respect to the question whether the understanding between the parties was $2.50 per day.[1]

2. SAME—EXAMINATION—CONCLUSIONS.

Where there was a dispute, in such case, as to what wages plaintiff was to receive, the court properly refused to allow defendant to be asked: "Was plaintiff paid in full, for all the time he worked, at the rate of $2.50 per day?" the question calling for a conclusion, the witness having just testified that he did not know how much money had been paid plaintiff.

3. APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.

In such case, plaintiff having testified that he was to receive a certain sum per day, and defendant testified to another sum, a finding for plaintiff will not be disturbed on appeal.

Appeal from Onondaga county court.

Action brought by William Richards in justice's court against John Derrick and Nellie Derrick. Plaintiff had judgment, and defendants appealed to the county court, which reversed the judgment as to Nellie Derrick, and affirmed it as to John Derrick, who appeals to the general term.

Argued before HARDIN, P. J., and FOLLETT and MARTIN, JJ.

*H. E. Miller*, for appellants. *Thomas Hogan*, for respondent.

HARDIN, P. J. Upon the trial the plaintiff gave evidence to establish that he was a carpenter, and was employed to and did work upon a house being built for the defendants, and that "he is a first-class carpenter," and that

---

[1] Respecting the impeachment of a witness by his own testimony on cross-examination, see McCallan v. Railroad Co., 1 N. Y. Supp. 289, and note.

he had worked as carpenter for 38 years; and the plaintiff testified that he "had a conversation with John Derrick, about a week before I went to work for the defendants, in his bar-room. He asked me how much a day I was making. I said $2.75 a day. He said he wanted me to come to work. I went, and worked five weeks and two days full time, ten hours a day; and seven days and three hours, at nine and one-half hours a day. I have received eighty dollars, and there is a balance due me of $26.79." Some other evidence was given tending to show the performance of the services charged by the plaintiff. In the course of the testimony of John Derrick, he says: "Mr. Richards and Mr. Durkin came in on Saturday night. I said to Durkin: 'What do you pay carpenters?' He said: '$2.75 a day.' I next saw Richards at Durkin's house. I said: 'We are going to start working soon.' I said we were going to commence next Wednesday. He said: 'You have got three good men. What are you going to pay them?' I said: '$2.50 per day.' He said he would come next Monday morning, and he came. His time was made out next Saturday night, and I paid him for five weeks at fifteen dollars per week. I settled with him every Saturday night. There was nothing said as to how much he was going to get." During the trial before the justice, the plaintiff's theory was that he was to receive $2.75 a day, and the theory of the defendant was that he was to pay $2.50 per day; and there was a conflict in the evidence, and it was for the justice, sitting in the place of a jury, to determine where the truth was,—whether it was in accordance with the theory of the plaintiff, or in accordance with the theory of the defendant. The justice having believed the testimony of the plaintiff, instead of the testimony of the defendant, upon that question of fact, it is not within the province of this court to disturb the finding, inasmuch as we are not able to say that the finding of the justice is against the clear weight of the evidence. Where parties testify upon the issue in which they are respectively interested, it is within the province of the trial court or jury to believe either. *Elwood* v. *Telegraph Co.*, 45 N. Y. 549; *Kavanagh* v. *Wilson*, 70 N. Y. 177; *Gildersleeve* v. *Landon*, 73 N. Y. 609; *Koehler* v. *Adler*, 78 N. Y. 287, 20 Wkly. Dig. 165, (opinion of BARKER, J., in cases cited;) *Carbon-Works* v. *Schad*, 38 Hun, 71; *Kinney* v. *Pudney*, 46 How. Pr. 258; *Boone* v. *Kalb*, 20 Wkly. Dig. 26. We think there was sufficient evidence to sustain the finding of the justice that the understanding between the parties was that the plaintiff was to receive $2.75 per day. The defendant gave evidence of certain payments made by him in the progress of the work, and evidence tending to show that the payment was made some Saturday nights at the rate of $2.50 per day, or that the defendant paid $15, for six days' work; but the circumstances of those payments are put in dispute somewhat by the testimony given by the plaintiff. When the defendant was put upon the stand, he was asked if the plaintiff was paid in full for all the work at the rate of $2.50 per day, and to that question he made answer, viz., "I do not know how much money I paid him." And he added, "I do not know how many days' work was done." Apparently, the justice allowed the witness to give the facts called for by the question, and apparently intended to exclude the conclusion embraced in it in respect to whether the payment was in full.

2. By the amended return it appears that, when the defendant John Derrick was upon the stand, he was asked: "Was the plaintiff paid in full, for all the time he worked, at the rate of $2.50 per day?" The question was objected to as calling for a conclusion, and the justice sustained the objection. We think no error was committed in that ruling, as we have already seen the witness had already testified that he did not know how much money had been paid to the plaintiff. While it might have been competent to ask the witness how much money was paid to him, and how many days he worked, and the circumstances under which the contract was made, we do not think it was error for the justice to refuse to allow the witness to draw a conclusion upon

such facts by stating that he had been "paid in full, for all the time that he had worked, at the rate of $2.50 per day."

3. Upon the cross-examination of John Derrick, he was asked: "Have you paid the other men who have worked on this job any more than $2.50 per day?" This question was objected to as incompetent and immaterial. The objection was overruled. The witness answered: "The last three weeks St. Clair was paid $2.75 per day." By the amended return, it appears the defendant John Derrick was asked the question: "Have you paid the men any more than $2.50 per day?" That was objected to as incompetent and immaterial, and the justice overruled the objection; and the original return shows the witness there answered: "The last three weeks Mr. St. Clair was paid $2.75 per day. I will swear that my wife did not pay St. Clair $2.75 all the time." We think this testimony was properly received upon the cross-examination, with a view of testing the sincerity and stability of the witness Derrick in respect to the question of whether the understanding between the parties was at $2.50 per day or not.

4. It appeared, upon this trial, that a previous action had been brought in a justice's court by the plaintiff against the female defendant, and that the same had been decided in her favor "on the ground of non-joinder of John Derrick as a party defendant." That judgment was not a bar to this action, and it is not important to consider the rulings had upon the trial of this action in respect to the admissibility of the minutes kept by the justice in the former action. Following the requirements of section 3063 of the Code of Civil Procedure, which requires that "the appellate court must render judgment according to the justice of the case, without regard to technical errors which do not affect the merits," we are of the opinion that the county court properly affirmed the judgment against John Derrick, and that we should sustain its decision. Judgment of the county court of Onondaga county affirming the justice's judgment affirmed, with costs.

FOLLETT and MARTIN, JJ., concurred.