Hardin, P. J.
Defendants, in their answers, admit, viz.: “That the real estate and property mentioned and described in said mortgage from Philip-James to Levi James were, before the commencement of this action, sold at-a judicial sale thereof, under and by virtue of a foreclosure of a prior mortgage on the same, and conveyed to a purchaser thereof, yielding no surplus.” That admission must be taken as true “for the purposes of the action.” Section 522, Code Civil Proc. Such position seems to have been understood by the defendants at the trial. Beading the instrument executed by the defendants on the 14th day of February, 1880, in connection with the circumstances-attending its execution, and the circumstances which led the parties to give and take the same, it seems reasonable to interpret it as containing a guaranty of payment of the bond upon which it was indorsed, “or any deficiency which should arise upon enforcing the mortgage security tlfen delivered to* the plaintiff.” Inasmuch as the premises covered by the mortgage, as w*e see by the admission stated above, had been sold at a judicial sale, and no surplus had arisen at áaid sale, the contingency mentioned in the guaranty, to-wit, “any deficiency,” covered the whole amount due upon the mortgage assigned to the plaintiff. Of course, it would have béen a useless proceeding for the plaintiff to have foreclosed a mortgage upon the premises after a sale-had upon the prior mortgage. We are led to conclude that the guaranty should be treated, in effect, as one of payment, and the defendants presumptively liable thereon for the amounts remaining due to the plaintiff from the* defendants, mentioned in the verdict.
2. The defendants set up in their answer that certain representations were made to induce them to execute the guaranty in question, and that those representations were relied upon by the defendants, and that some of the representations were false and fraudulent, and that the defendants were induced' by reason thereof to execute the guaranty, and that the guaranty “ was procured by the fraud of the said plaintiff, or misstatements of its purport and. meaning, and contrary to the true intent and meaning of the agreement entered into between the parties thereto.” And the defendants also “aver that they were unaware of the existence of said prior mortgage as aforesaid, and the amount of the value of said mortgaged premises from said Philip James to Levi James, but relied wholly upon the representations so made by said plaintiff, and the said firm of Daniel Crouse & Hons, as aforesaid.-” They also* aver that the representations were made “to induce these defendants to enter the scheme of having the mortgage from Philip James to Levi James assigned for the purposes aforesaid, and to induce these defendants to enter into* an agreement whereby they became guarantors of any portion of said mortgage debt greater than the balance of their claim aforesaid, ” and then they further add that the allegations “ were untrue, and were made to deceive and defraud these defendants.” The defendants further, in their answer, state-that the guaranty “is void as to these defendants for the causes stated in a-subsequent portion of the answer. ” One of the “causes” stated in that part-of the answer referred to was that “the said Levi James was good and responsible, and said debt could have been collected from him, but the said plaintiff refused to collect said mortgage debt of said Levi James, and refused to execute the trust imposed upon him as aforesaid, for the benefit of .the defendants herein.” Another of the “causes” was that there had been “an exten *865 sion of time given to Levi James and Philip James.” Another “cause” was the alleged neglect of the plaintiff to keep the “property properly insured,” and also “that he allowed said mortgage security to be sacrificed at a forced sale, and for a sum far less than its value, * * * and has been negligent in collecting the same, whereby these defendants suffered damages to the amount of $900.” After the defendants had given their evidence upon these several supposed defenses, the plaintiff gave evidence bearing upon all the questions referred to in the evidence of the defendants, and in many instances expressly denied the statements made by the defendants severally as witnesses, and we think fairly presented questions of fact for the consideration of the jury in respect to the alleged defenses to which we have already referred. Those questions of fact, we assume, were appropriately submitted to the jury, inasmuch as the charge has not been given, and their verdict taken upon the issues of fact raised by the defendants under their answer. Whether the defendants, as witnesses, should be believed, or whether the testimony of the plaintiff and his witnesses, where they conflict with the testimony of the defendants, should be accepted and believed, was a question appropriately belonging to the sphere of the jury. Elwood v. Telegraph Co., 45 N. Y. 549; Kavanagh v. Wilson, 70 N. Y. 177; Gildersleeve v. Landon, 73 N. Y. 609; Koehler v. Adler, 78 N. Y. 287; Longyear v. Insurance Co., 20 Wkly. Dig. 165; opinion of Barker, J., in cases cited; Carbon- Works v. Schad, 38 Hun, 71; Kinney v. Pudney, 46 How. Pr. 258; Boone v. Kalb, 20 Wkly. Dig. 26.
3. In the answers of the defendants they “pray that the instrument in writing set forth in said plaintiff’s complaint, and signed by the defendants, whereby the said defendants guarantied the payment of the written bond of Philip James and Thomas James to the said plaintiff, undertaking to pay to said plaintiff the sum of $2,000 and interest, as mentioned in a mortgage dated September 21, 1878, recorded in the clerk’s office of Herkimer county, November 16, 1878, the payment of which mortgage and interest said bond was given to secure, be reformed as to these defendants, and declared to be a guaranty of collection of the amount of the claims of all the defendants in the proportion that their claim bore to the total claims of all the defendants, after deducting all payments made to the said plaintiff.” Whether or not the defendants have made out a case upon all the evidence before the court, warranting a reformation of the instrument executed by the defendants by reason of any alleged fraud practiced upon them, or by reason of a mutual mistake made by the parties in respect thereto, we must assume was properly submitted to the jury. So far as their verdict passed upon those questions, we do-nut feel at liberty, after a careful perusal of the evidence, to interfere with the finding of the jury. It is only where such a verdict is against the weight of the evidence that this court ought to interfere. Hamilton v. Railroad Co., 53 N. Y. 27; Finch v. Parker, 49 N. Y. 8.
4. It is not apparent that the stipulation executed by the attorneys for the defendants in the Wall foreclosure action, August 31, 1881, conferred upon the plaintiff in that action any greater rights, or worked any disadvantage to the defendants in this action. If that stipulation had not been given, so far as we can see from what is disclosed in this case, the plaintiff, upon a formal notice, might have applied at special term for an order of reference to compute the amount due on the mortgage being foreclosed in that action. It does appear that the defendants were made aware of the fact that the mortgaged premises were advertised for sale, and the time and place of the sale, and had ample opportunity to have bid up the property, or purchased the same, if, in their judgment, the premises were worth more than the sum for which they were sold at the judicial sale.
5. Some exceptions were taken during the progress of the trial which have received our attention. We discover, however, no error to the rulings prejudicial to the defendants. Inasmuch as there was a conflict in the evidence at *866 the circuit, the verdict of the jury upon the questions at issue must be accepted as settling the rights of the parties. Judgment and order alfirmed, -with costs. All concur.