## MERCHANT v. JORDAN.

*(Supreme Court, General Term, Fourth Department.* November, 1888.)

1. TROVER AND CONVERSION—EVIDENCE—PROVINCE OF JURY.
   In an action for the conversion of a receiver's certificate, plaintiff testified that he had entrusted the certificate to defendant, who held a mortgage on his land, under an agreement that defendant should collect the certificate at maturity, and apply it on the debt, and, if not paid then, that he should return it to plaintiff. Defendant denied the agreement to return the certificate, and set up another agreement in relation to the foreclosure of the mortgage, in which nothing was said about the return of the certificate, and no other witnesses testified. *Held*, that it was for the jury to determine the truth of the matter.

2. SAME—RECEIVER'S CERTIFICATES—AMOUNT ISSUED.
   In an action for the conversion of a certificate issued by the receiver of a railroad company, where defendant claimed that at the time of the alleged conversion the certificate was only worth about 40 per cent. of its face value, and plaintiff claimed that certain men, contemplating a reorganization of the road, were "bearing" the receiver's notes, and buying them at as low a figure as possible, *held*, that a question as to the amount of receiver's paper represented by these men, and put in on the reorganization of the road at a certain figure, was proper.

3. APPEAL—REVIEW—RULINGS ON EVIDENCE.
   Where evidence is excluded as not being presented at the proper stage, and is not afterwards offered, there is no error which the appellate court can review.

Appeal from circuit court, Broome county.

Plaintiff in his complaint alleges that prior to January, 1876, he was the owner of 10,500 acres of land, situated in the town of Rockland, county of Sullivan, and state of New York, subject to a mortgage thereon, given by plaintiff to John D. Watkins, to secure plaintiff's bond, which bond and mortgage was dated May 6, 1874, and that the mortgage by assignment came to the hands of the defendant; and the plaintiff also alleges that he was owner and in possession of a promissory note made by Abram S. Hewitt and John G. Stevens, as receivers of the New York Midland Railroad Company, dated December 4, 1875, for $2,069.40; also that on the 19th day of January, 1876, the defendant claimed to own the said bond and mortgage, and the plaintiff alleges that he "delivered the aforesaid note to the defendant, who received and accepted it under and pursuant to an agreement that day duly made between them, by the terms whereof the defendant was to collect and receive the amount of said note at the maturity thereof, and apply and credit such amount on said bond and mortgage, and should return said note to the plaintiff if not so paid;" that the note fell due some time in April, 1876, and was not paid at maturity; and that in May, and several times thereafter, the plaintiff made a demand of the note, and the defendant refused to deliver the same. The answer of the defendant consists of denials, and sets up that about the 20th of December, 1878, the defendant "made an agreement with the plaintiff in relation thereto, to the effect that the same should be fore-

closed; also as to the amount due thereon; and that the defendant should not claim and exact from the plaintiff any deficiency that might arise on such foreclosure and sale, after applying upon the amount unpaid on said bond and mortgage the amount that the mortgaged premises might bring at said foreclosure sale, and the said receiver's certificate or the avails thereof." He also alleges that the "mortgage was foreclosed, and said premises sold in pursuance of and in accordance with the terms of said agreement, and brought, as above stated, $12,000; that, at the time said receiver's certificate was delivered to the defendant as aforesaid, it was not worth more than forty per cent. of its nominal or face value, but that thereafter, and on or about the 9th day of February, 1880, he disposed of the same as he had a lawful right to do, so that he realized eighty per cent. of its face value, amounting to $1,972.37, which sum he applied on the deficiency aforesaid, in pursuance of the said agreement with the plaintiff." With reference to the value of the receiver's certificate, plaintiff claimed that certain men, interested in the reorganization of the railroad, were engaged in "bearing" the receiver's notes, and buying them at a greatly depreciated figure; and one of the questions asked by him, and objected to by defendant, was as to the amount of receiver's paper put in by these men "on the reorganization at 80 cents on the dollar." Defendant appeals from judgment, and from order overruling motion for new trial.

Argued before HARDIN, P. J., and FOLLETT and MARTIN, JJ.

*W. J. Gros*, for appellant. *D. S. Richards*, for respondent.

HARDIN, P. J., (*after stating the facts substantially as above.*)° We recognize the rule that this court may review the evidence, and, if the verdict is contrary to the weight thereof, grant a new trial. *Macy* v. *Wheeler*, 30 N. Y. 231; *Manufacturing Co.* v. *Foster*, 51 Barb. 351. We must also recognize in this case the rule, well settled by authority, that it is the province of the jury to determine where the truth lies when parties are witnesses in their own behalf. *Elwood* v. *Telegraph Co.*, 45 N. Y. 549; *Kavanagh* v. *Wilson*, 70 N. Y. 177; *Gildersleeve* v. *Landon*, 73 N. Y. 609; *Koehler* v. *Alder*, 78 N. Y. 287; *Longyear* v. *Insurance Co.*, 20 Wkly. Dig. 165; opinion of BARKER, J., in cases cited; *Carbon-Works* v. *Schad*, 38 Hun, 71; *Kinney* v. *Pudney*, 46 How. Pr. 258; *Boone* v. *Kalb*, 20 Wkly. Dig. 26. The only witnesses sworn upon the trial were the plaintiff and the defendant. There was also produced an agreement executed by the parties in December, 1878. After a careful consideration of the testimony found in the appeal book, we are not able to say that the verdict by the jury is against the weight of evidence. It was for the jury to determine whether the agreement claimed by the plaintiff to have been made by the defendant was made by the defendant, and broken by him by refusing to deliver the note according to the terms of the agreement as testified to by the plaintiff.

We observe that the defendant denies the terms of the agreement as stated by the plaintiff, and has insisted in his testimony that he received the note as a collateral security, with no agreement to return the same to the plaintiff, or that he was to apply the proceeds of the note upon the bond and mortgage referred to. As already observed, it was for the jury to determine which told the truth in respect to the agreement at the time of the delivery of the certificate. We must accept their verdict on that subject. It is insisted by the defendant that at the time the agreement of 1878 was made between the parties, in respect to the foreclosure of the mortgage, the plaintiff waived all right to the note, or the proceeds thereof; and that the agreement entered into by the parties on that day was on the assumption that the plaintiff waived all claim to the note. The defendant testifies to that effect. The plaintiff stoutly denies the assertion of the defendant in that regard. It is observable that the agreement entered into between the parties on that occasion is entirely

silent on the subject of the note. We think, under all the evidence, the trial judge committed no error in submitting the question of fact in regard to what took place at the time of the execution of the agreement of December, 1878, to the jury. Their verdict is adverse to the defendant, and we see no legal ground upon which to interfere with the same, nor are we able to reach the conclusion that their verdict is against the weight of the evidence.

2. We see no error in allowing evidence of the amount of paper that was put into the arrangement for reorganization of the insolvent railroad.

3. During the trial the defendant sought to show that the defendant had paid "a large amount of taxes to redeem these lands, and also to redeem the land that had been sold, and to pay taxes assessed subsequent to the giving of the mortgage, and while Mr. Merchant held the property." At that time the agreement of 1878 had not been put in evidence, and, upon objection being made to the evidence offered by the defendant in respect to the taxes, the court remarked, viz.: "I shall assume that the action is not for an accounting; therefore I will sustain the objection until that writing is produced." The defendant's counsel took an exception. Thereupon the court replied, viz.: "I put it on the ground that, as the case now stands, I cannot see the pertinency of it." We think it was within the discretion of the court to regulate the order of proof to be given, and, as the evidence was not offered thereafter, and an exception taken to its exclusion, we see no error presented by the exception taken at folio 62.

4. At the close of the charge of the learned trial judge the defendant made several requests. To most of them the court yielded in affirmative assent. One of the requests was as follows: "That even if the defendant did agree at the time he took said note to return it to the plaintiff in case it was not paid at maturity, yet if, after that, and on or about December 20, 1878, when the agreement of that date was made, he released all claim to said note, and the avails thereof, then their verdict must be for the defendant." To this request the court replied, viz.: "I will so charge if it was released for the consideration; and there you have the testimony of Mr. Jordan on one side, and Mr. Merchant on the other; and it is claimed that Mr. Merchant is corroborated by the writing." Thereupon the defendant's counsel remarked: "We except to the qualifications." We think the exception presents no error. We are not able to see that the omission to insert an agreement to return the note in the instrument of December, 1878, deprived the plaintiff of the right to insist upon the fulfillment of the agreement which was made between the parties, January, 1876, in respect to the note. The circumstance that any reference to the note was omitted from the agreement of December, 1878, was one to be considered incidentally in ascertaining the actual agreement between the parties in respect to the note. We have looked at the other exceptions taken at the trial, and are of the opinion that they present no prejudicial error. It follows from the views that we have expressed that the verdict should stand. Judgment and order affirmed, with costs.

MARTIN, J., concurs. FOLLETT, J., not voting.