## McCORMACK *v.* VENABLE *et al.*

(*Supreme Court, General Term, Second Department.* December 10, 1890.)

CHATTEL MORTGAGES—PRIORITIES—NOTICE.

The holder of a chattel mortgage, which had been duly filed, testified that, before defendants took another mortgage on the same property, he told their agent that he held a mortgage thereon, and what was due on it. The agent admitted that he knew of the prior mortgage, but not its amount. The mortgagor testified that he informed defendants, when taking their mortgage, that the prior mortgage was unpaid, and they admitted knowledge that there had been such prior mortgage, but not that it was unpaid. *Held*, that there was sufficient evidence to sustain a

finding of notice to defendants of the previous mortgage, which would render their mortgage subject to it, though it had not been refiled within a year, as required by law, and defendants' mortgage was taken after the year had expired.

Appeal from special term, Kings county.

Action by James T. McCormack against George W. Venable and Moses J. Heyman, for an injunction to restrain defendants from foreclosing a chattel mortgage. From a judgment for plaintiffs on trial by the court without a jury, defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Hirsh & Rasquin*, (*Hugo Hirsh*, of counsel,) for appellants. *William M. Benedict*, for respondent.

BARNARD, P. J. On the 16th of February, 1887, one Lucey executed and delivered to Peter H. Ahlers a chattel mortgage on certain bar-room fixtures and appurtenants for $550. The mortgage was filed in the proper office in Brooklyn, March 4, 1887. On the 26th of May, 1888, Lucey executed a mortgage on the same property to the defendants, which was properly filed the next day. This mortgage was for $600. The plaintiff owns the rights of Ahlers. The Ahlers mortgage contains a clause which prohibits the removal of the mortgaged property from the building which is owned by Ahlers. This Ahlers mortgage has never been refiled, but the court found that the defendants' mortgage was taken by them, with full knowledge of the existence of the Ahlers mortgage. The principal point upon the appeal is whether the proof of notice is sufficient. The evidence upon this point supports the finding. Ahlers testified that he told the defendants' agent, in the fall of 1887, that he held a mortgage on the property in question, and what was due upon it. This statement is supported by a son of Mr. Ahlers. In the fall of 1888, the defendants' agent is proved to have stated to Ahlers, Sr., that the defendants' mortgage would not interfere with the Ahlers mortgage, and that he knew of its existence. The interview in 1888 is also testified to by one John Horrn. The common mortgagor, Lucey, testifies that the plaintiff's (Ahlers') mortgage is unpaid; that he told the defendants it was unpaid; and that he could give none to interfere with it. The defendants knew of the mortgage, had seen the record, and knew that it had not been refiled. The defendants' agent, Hays, admits knowledge of the existence of the first mortgage, but denies only that the amount due upon it was stated to him. The defendant Venable admits knowledge or information that there had been a prior mortgage, but that he did not know it was unpaid. His testimony seems to be based upon the record that there was no unpaid mortgage, because it was not renewed. Notice of the prior mortgage made the defendants' mortgage subject to it, even if not filed or renewed. *Gildersleeve* v. *Landon*, 73 N. Y. 609, and cases therein cited. The exceptions taken, whether well or ill taken, hurt no one. None of these bear upon the question of notice of the first mortgage, and they are therefore insufficient to set aside the finding on that question. The judgment should therefore be affirmed, with costs.